Brown v. Cody.

No. 13,266.

## BROWN v. CODY.

NEW TRIAL.—*As of Right.*—*Motion for.*—*Practice.*—*No Issue of Title Contemplated.*—*Motion to Vacate Order.*—Upon a motion for a new trial as of right, no issue can be formed involving title, nor does the statute contemplate the formation of any such issue upon a motion to vacate an order that has been made granting such new trial.

SAME.—*Judgment.*—*Sale of Real Estate While Action is Pending.*—Where, after judgment affecting the title to real estate, a party to the action is entitled to a new trial as of right under the statute, his adversary can in no way affect that right by making a sale of the land in controversy.

SHERIFF'S SALE.—*Ownership of Execution Defendant Not Terminated Thereby.*—*Consummation of Sale.*—*Lien of Purchaser.*—Where lands are sold at sheriff's sale the rights of the execution defendant as owner of such lands do not terminate until the sale is consummated by the execution of a sheriff's deed. He continues the owner until that time, as against the purchaser, subject to the lien of the latter, and may maintain an action to quiet title.

QUIETING TITLE.—*Judgment.*—*Sheriff's Sale.*—*New Trial as of Right.*—*Substitution of Party Plaintiff.*—Where, pending an action to quiet title, the land in controversy is sold at sheriff's sale as the property of the plaintiff, he may, notwithstanding, proceed with his action, and if judgment is rendered before a sheriff's deed is executed, he may have a new trial as of right under the statute; and after the granting of such new trial, and the execution of a sheriff's deed, the owner under such deed may, by proper application, be substituted as plaintiff, and prosecute the original action to final judgment.

NOTICE.—*Vendor and Purchaser.*—One who has notice of prior equities, but buys real estate from one who was a purchaser thereof in good faith, will acquire the same title as that of his vendor.

From the Allen Superior Court.

*I. Stratton*, for appellant.

*R. C. Bell, S. L. Morris, R. S. Robertson* and *J. B. Harper*, for appellee.

ELLIOTT, J.—On the 29th day of August, 1882, Morris Cody commenced this action to quiet title to a parcel of land. On the 6th day of March, 1883, and during the January

term, the court entered a decree quieting the title of Morris Cody to part of the land claimed by him, and quieting title in the appellant in part of the land. No further steps were taken until October 2d, 1883, when Morris Cody filed a bond and obtained a new trial as of right. On the 16th day of November the appellant appeared and moved to set aside the order granting a new trial. The appellant at that time offered to show in support of his motion that, on the 7th day of June, 1883, after the expiration of the term of court at which the judgment was rendered, and before notice of any intention on the part of Morris Cody to apply for a new trial as of right, and while he was still prosecuting an appeal which he had prayed, the appellant sold the part of the land to which his title had been quieted to John Dirkson. Appellant also showed in support of his motion that, on the 22d day of July, 1882, all the interest of Morris Cody in the land was sold upon a judgment against him to Stephen A. Drew; that Drew, prior to the commencement of the action, had assigned the sheriff's certificate to Bridget Cody. The court overruled the motion of appellant. On the 15th day of March, 1884, Bridget Cody, the appellee, filed an affidavit showing title under the sheriff's sale, and was substituted as plaintiff.

The first point argued by counsel is, that the trial court was bound to set aside the order granting a new trial, because no notice was given by Morris Cody. This point is settled against the appellant by *Stanley* v. *Holliday*, 113 Ind. 525. That case gives a construction to section 1065 of the code directly against appellant's contention. Under the rule there declared, the order granting a new trial was valid, and it would have been error to vacate it upon the ground that notice had not been given.

The title of Morris Cody could not be tried or determined upon a motion to vacate the order awarding a new trial. He was entitled to a new trial as of right upon complying with the statute, and the appellant could not make any issue that

would bring his title into controversy by a motion to set aside the order awarding a new trial. The statute does not contemplate the formation of any issue involving title upon a motion for a new trial as of right, nor does it contemplate the formation of any such issue upon a motion to vacate an order that has been made.

Morris Cody was the owner of the legal title to the land when he brought the action. The sale on the judgment against him did not make the purchaser the owner of the land. He had, therefore, a right to bring the action, although the claim of Drew, the purchaser at the sheriff's sale could not be cut off, but the claim of others might be. During the year allowed for redemption the purchaser at a sheriff's sale has, as said in *Bodine* v. *Moore*, 18 N. Y. 347, " no claim or right, except to be repaid the amount of his bid with the rate of interest prescribed in the statute." *State, ex rel.*, v. *Sherill*, 34 Ind. 57; *Neff* v. *Hagaman*, 78 Ind. 57 (63); *Felton* v. *Smith*, 84 Ind. 485.

When Bridget Cody obtained a deed the title vested in her, and related back to the date of the judgment. *Neff* v. *Hagaman, supra; Felton* v. *Smith, supra; Elliott* v. *Cale*, 80 Ind. 285. It was proper, therefore, to substitute Bridget Cody as the plaintiff.

The question in this case is not when the rights of Mrs. Cody, as the wife of Morris Cody, vested, but the question is, when did the rights of Morris Cody, as owner, terminate under the sheriff's sale?

It is clear, under the authorities cited, that his rights as owner did not terminate until the sheriff's sale was consummated by the execution of a deed. Until that time he was the owner, as against the purchaser, subject, of course, to the purchaser's lien on the land. We have here nothing to do with Mrs. Cody's marital rights, but what we are concerned with is Morris Cody's right to bring the action originally, and Mrs. Cody's succession to the title under the sheriff's sale.

Mrs. Cody does not, as counsel assume, prosecute this ac-

tion as wife, widow or heir, but as the successor of the original owner. Her rights arise out of the consummated sheriff's sale, and until her title became consummated, Morris Cody was the proper plaintiff, but when it became perfect, then she, as his successor in the title, had a right to be substituted as plaintiff, and as such to prosecute the action. She was not bound to begin a new action, but was entitled to be substituted in lieu of her grantor, out of whom the title had passed.

Morris Cody having given the bond and obtained a new trial, his successor, Mrs. Cody, was not bound to give a new bond or lose the rights which had been vested in him by the judgment awarding a new trial. The law having been once complied with and a new trial adjudged, the rights of the parties were fixed, and the substitution of a plaintiff did not vacate or vitiate the former judgment. That judgment was not a conditional one, but it was absolute. It was not simply a personal privilege granted Morris Cody, but a judgment that there should be a new trial of the cause. As the judgment directed a new trial of the cause, it was not annulled or impaired by the fact that Mrs. Cody was substituted as plaintiff.

The case of *Hasselman* v. *Lowe*, 70 Ind. 414, has no application to this case, for in that case the irregularities in the sheriff's sale were held (whether correctly or not we do not now inquire), to invalidate it, and it was decided that the assignee of the judgment debtor who bought the land was not such a purchaser as was entitled to protection. Here, there is no infirmity in the sale, and conceding, but not deciding, that *Hasselman* v. *Lowe*, *supra*, is sound, it has no bearing upon this case.

The theory of appellant that any one might safely buy before the award of a new trial, is unsound. Morris Cody had a right to a new trial, and his adversary, by making a sale of the part of the land awarded him, could not take that right away from Cody.

If Mrs. Cody became the assignee of Drew, the purchaser at the sheriff's sale, she acquired a good title. Drew had a right to sell and she to buy, and if the former purchased in good faith at the sheriff's sale, he had a title which he might sell, even though Mrs. Cody might, had she been the original purchaser, not have been able to acquire a title because of notice of prior equities. The general rule is, that one who has notice of a prior equity will acquire the same title as that of his vendor, where the vendor is a purchaser in good faith. This is a familiar rule of equity and has often been enforced by this court. *Evans* v. *Nealis*, 69 Ind. 148; *Sharpe* v. *Davis*. 76 Ind. 17; *Trentman* v. *Eldridge*, 98 Ind. 525. Mrs. Cody, therefore, has the same title that her vendor Drew had, and that relates back to the judgment.

If Drew had a title under his purchase at the sheriff's sale, he had a right to sell, and it was his title, in all its force, that was acquired by Mrs. Cody. In all things her title is as good as that of the person from whom she acquired it, carrying to her all its incidents, that created by relation as well as all others.

The fourth paragraph of the appellant's cross-complaint sets forth many facts, and it is not clear on what theory it proceeds, but granting that appellant's counsel is right in assuming that it proceeds on the theory that there was a fraudulent combination between appellee, her husband and Drew, we think it insufficient. It is true that it charges the acts of the parties to be fraudulent, but it does not state facts showing the fraud, and it is well settled that epithets will not supply the place of facts. It does not charge that Morris Cody furnished Drew with the money to buy the land, but charges that the money was " furnished by one or both of the Cody's." If it was furnished by Mrs. Cody there was no fraud, for there was no reason why she could not rightfully furnish it. She might have purchased directly with her own money, had she chosen to do so, and there would have been no fraud. The judgment was valid, the sale legal, and there was no

reason why Mrs. Cody might not have bought the land herself or furnished Drew with money to buy it. Bass, the execution plaintiff, had a right to enforce his judgment, and Mrs. Cody had a right to buy the land at sheriff's sale.

The fourth paragraph is, however, bad, for the reason that it does not show any title in the cross-complainant or his grantees. It does not show title, but relies for evidence of title solely upon the decree which was vacated by the order awarding a new trial. As we have seen, no valid title could be founded on that decree. *Dunnington* v. *Elston*, 101 Ind. 373.

We do not perceive that there was any material error in admitting in evidence the conveyance, described in the cross-complaint, of the appellant to Dirkson. If error at all, it was a harmless one.

We hold that it was competent, under the issues, for the appellee to prove that the appellant, and those claiming under him, had no title to the land and no interest in it. Indeed, she would not have been entitled to a general decree quieting title if there had been a valid outstanding lien on the land, for a suit to quiet title brings in issue all claims. *Indiana, etc., R. W. Co.* v. *Allen*, 113 Ind. 308 ; *Indiana, etc., R. W. Co.* v. *Allen*, 113 Ind. 581 ; *Ragsdale* v. *Mitchell*, 97 Ind. 458 ; *Farrar* v. *Clark*, 97 Ind. 447 ; *Green* v. *Glynn*, 71 Ind. 336.

We can not disturb the finding upon the evidence. Our conclusion is, that under the rules we have stated any other would have been clearly wrong.

Judgment affirmed.

ZOLLARS, J., did not participate in the decision of this case.
Filed Sept. 21, 1888.