Monks, J.
Appellant brought this action to recover damages for obstructing the flow of water and backing it upon his land and for a mandatory injunction to compel the removal of said obstruction. A demurrer to the fourth paragraph of complaint for want of facts was sustained. A trial of the cause upon the issues joined upon the other paragraphs of complaint resulted in a finding and judgment against appellant.
The only error assigned calls in question the action of the court in sustaining the demurrer to the fourth paragraph of complaint.
It appears from said fourth paragraph of complaint that appellant and one Randles, appellee’s remote grantor, were owners of adjoining lands through which was a ditch to drain their lands, but which was inadequate for that purpose; that it was agreed between them that appellant should at his own cost and expense deepen, widen and straighten said ditch running through the lands of both parties in consideration of which appellant was to have the right thereafter to drain his land through said improved ditch, contemplated by said agreement, across1 the land of the adjoining owners; that said ditch was so deepened, straightened and widened over the land of both parties at the expense of appellant in labor and money to a substantial amount under said agreement, and was sufficient to completely drain said lands of both parties, and that said drainage was of great benefit to said lands; that appellant owned a right of way over appellee’s land for the flow of surplus water through said ditch; that Randles sold and conveyed said real estate over which said ditch was constructed to one Bryant in 1888, who1 afterwards *530 sold and conveyed the same to appellee. That appellee had notice of said ditch and the purposes for which it was used when he purchased said land. That appellee, in March, 1894, built a dam across said ditch where it enters upon his land and filled up the same below the dam and thereby backed up the water on appellant’s land to his damage, etc.
It is well settled that a mere naked license to use the land of another is revocable at the pleasure of the licensor, but when the license has been executed and acted upon and expense incurred in reliance upon such license, it cannot be revoked without at least placing the licensee in statu quo. Parish v. Kaspare, 109 Ind. 586, and cases cited; Nowlin v. Whipple, 120 Ind. 596, 599 and cases cited; Ferguson v. Spencer, 127 Ind. 66; Saucer v. Keller, 129 Ind. 475.
In Ferguson v. Spencer, supra, this court said: “Where a license has been executed by an expenditure of money, or has been given upon a consideration paid, it is either irrevocable altogether, or cannot be revoked without remuneration, the reason being that to permit a revocation without placing the other party in statu quo would be fraudulent and unconscionable. * * * Where a license is coupled with an interest, or the licensee has done acts in pursuance of the license which create an equity in his favor, it cannot be revoked. East Jersey Iron Co. v. Wright, 32 N. J. Eq. 248.”
It is alleged in the paragraph of complaint in controversy that appellant by an agreement obtained the privilege of draining the land through said ditch across the land of appellee's remote grantor; that said privilege was a valuable one; to obtain which, he expended money and performed labor in reliance upon said agreement made with appellee’s remote grantor; *531 and that appellee had notice of said ditch and appellant’s right to use the same to drain his said lands.
There is no allegation that Bryant, appellee’s grantor, had notice or knowledge of appellant’s alleged right of drainage, when he purchased said real estate, nor do the averments of said paragraphs show that he had notice of such facts as put him upon inquiry. If Bryant had no actual knowledge of appellant’s rights as set forth in said paragraph, nor of such facts as would have put a man of ordinary prudence upon inquiry, before the time he purchased said real estate, then he took it free from any right of appellant to drainage over the same, (Brown v. Budd, 2 Ind. 442; Catherwood v. Watson, 65 Ind. 576, 579; McCarty v. Pruett, 4 Ind. 226; Gaar v. Millikan, 68 Ind. 208, 211), and his deed to appellee conveyed said real estate free from said right, even though appellee had knowledge of appellant’s rights as alleged in said fourth paragraph. Brown v. Budd, supra; Hampson v. Fall, 64 Ind. 382, 387; Sharpe v. Davis, 76 Ind. 17, 22; Studabaker v. Langard, 79 Ind. 320, 323; Arnold v. Smith, 80 Ind. 417, 422; Trentman v. Eldridge, 98 Ind. 525, 538; Brown v. Cody, 115 Ind. 484, 488; 16 Am. and Eng. Ency. of Law, 841.
The court did not err, therefore, in sustaining appellee’s demurrer to said paragraph of complaint.
Judgment affirmed.