## WATSON v. ADAMS.

[No. 4,588.   Filed January 26, 1904.]

LICENSES.—*Parol License to Remove Timber.—Performance.—Revocation.—Contract.—Forfeiture.*—A parol license to cut timber upon the lands of another which has been acted upon and granted upon a consideration that has been performed can not be revoked for failure of the licensee to remove the timber within the time limited, where there was no forfeiture clause in the contract, and the licensee was not notified that the timber must be removed within the time fixed by the contract.  *pp. 283-286.*

PLEADING.—*Filing of Additional Pleadings.—Discretion of Court.*—The filing of additional pleadings is largely within the discretion of the court; but when the justice of the case clearly requires that leave should be granted, it is error to refuse.  *p. 286.*

SAME.—*Refusal of Court to Permit Filing of Additional Answer.*—In a suit to enjoin defendant from removing timber from plaintiff's land, the plaintiff testified to the granting of a parol license to defendant under which the latter was entitled to remove the timber.  Before the examination of the witnesses was concluded, the defendant tendered to the court, and asked leave to file, in addition to his answer of general denial, a special answer setting up the license and claiming the right to remove the timber thereunder.  *Held,* that the court's refusal to permit the filing of the additional answer was reversible error.  *p. 286.*

From Clark Circuit Court; *J. K. Marsh*, Judge.

Suit by Samuel F. Adams against David Watson. From a judgment for plaintiff, defendant appeals. *Reversed.*

*G. H. Voigt* and *J. W. Baldwin*, for appellant.
*E. C. Hughes* and *M. Z. Stannard*, for appellee.

COMSTOCK, J.—Samuel F. Adams, the appellee, sought to enjoin David Watson, the appellant, from cutting growing timber on the lands of appellee. Upon the filing of appellee's complaint a temporary restraining order was issued. The complaint alleges that appellee is the owner of a tract of land containing seventy-five acres, and that appellant wrongfully, and without license or consent of ap-

pellee, entered upon the land and was cutting and removing growing timber, which would permanently injure the real estate, and for which appellee could not be compensated in damages. The complaint asks for a temporary restraining order and a perpetual injunction upon a final hearing. Issue was joined upon the general denial. The court found for the appellee, and entered an order and judgment perpetually enjoining appellant from cutting and removing the timber.

Appellant assigns errors of the court: (1) In overruling the demurrer to the complaint; (2) in refusing appellant leave to file a second paragraph of answer; (3) in overruling appellant's motion for a new trial.

The motion for a new trial assigns the following grounds: (1) The decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law; (3) the court erred in refusing appellant leave to file a second paragraph of answer; (4) irregularity in the proceedings, in this—that appellee's attorneys, in violation of the order of court, failed to give appellant's attorneys a copy of their brief.

The following is substantially a statement of the facts: In December, 1898, at the time the contract was made, the appellee Adams was the owner of the tract of real estate described in the complaint. On this tract of land there was about twelve acres of rough timber. In December, 1898, Adams, desiring to clear out the land, orally agreed to sell said timber to the appellant Watson for the sum of $50. Watson was to have all the timber, except such of the tops of the trees as Adams might desire for wood. And it was agreed that Watson was to cut and remove the timber within one year from the date of the contract, which, as stated, was December, 1898. The contract was in parol. Concurrent with the transaction for the sale of the timber, Watson made a contract with Adams to furnish the latter with lumber to build a barn, at the agreed price of $8.50

per thousand feet, and Adams agreed to accept the equivalent of the $50 for the timber in lumber at the price stated. The lumber was furnished, over two-thirds of which Watson obtained from the twelve-acre tract, and settlement made. In settlement for the lumber the $50 was taken in consideration, and Adams gave Watson two mules and paid him $90 in cash. This closed the transaction, except that Watson had until the end of the contract year to remove the remnant, which was less than one-third of the growing timber on the $50 tract. The time limit on the contract for the sale of the trees expired in December, 1899. In June, 1900, Watson entered upon appellee's premises and began to cut and remove a part of said remnant of timber. Appellee then forbid his cutting and removing said timber and entering said premises. On the 27th day of August, 1900, the appellant again entered and began to cut the timber, and this action was brought to enjoin him.

That a contract for the sale of growing timber is a contract for the sale of an interest in land, and must be in writing in order to bind either party, and that standing trees may be the subject of a sale so as to give the purchaser a license to go upon the land to cut and remove them, are propositions not controverted in the appeal. It is claimed, however, by appellee that such license is revocable at the pleasure of the vendor at any time before it is acted upon by the vendee: Citing *Hostetter* v. *Auman,* 119 Ind. 7; *Owens* v. *Lewis,* 46 Ind. 488, 15 Am. Rep. 295; *Terrell* v. *Frazier,* 79 Ind. 473; *Cool* v. *Peters Box, etc., Co.,* 87 Ind. 531; *Spacy* v. *Evans,* 152 Ind. 431; *Hodgkins* v. *Farrington,* 150 Mass. 19, 5 L. R. A. 209, 15 Am. St. 168; *Pifer* v. *Brown,* 43 W. Va. 412, 27 S. E. 399, 49 L. R. A. 497; *Bruley* v. *Garvin,* 105 Wis. 625, 81 N. W. 1038, 48 L. R. A. 839; 18 Am. & Eng. Ency. Law (2d ed.), 1140-1142.

The cases cited do not hold that the license may be revoked when it has been acted upon, and the consideration

for which has been performed, nor whether part performance of the contract takes the sale of the timber out of the operation of the statute of frauds. The following cases hold that a parol license to cut timber upon the lands of another which has been acted upon, and which is granted upon a consideration that has been performed can not be revoked. *Miller* v. *State*, 39 Ind. 267; *Messick* v. *Midland R. Co.*, 128 Ind. 81; *Buchanan* v. *Logansport, etc., R. Co.*, 71 Ind. 265; *Lane* v. *Miller*, 27 Ind. 534; *Saucer* v. *Keller*, 129 Ind. 475; *Buck* v. *Foster*, 147 Ind. 530, 62 Am. St. 427.

Appellee contends that under the contract there was a time limit given for the removal of the trees, and after its expiration appellant had no right to enter upon his land. Upon the question of the right of the vendee to cut timber after the expiration of the limit where the contract does not provide for a forfeiture, the decisions of the courts of other states are not in harmony. The following hold that the right ceases with the expiration of the time limit: *Pease* v. *Gibson*, 6 Me. 81; *Howard* v. *Lincoln*, 13 Me. 122; *Saltonstall* v. *Little*, 90 Pa. St. 422, 35 Am. Rep. 683; *Utley* v. *Wilcox Lumber Co.*, 59 Mich. 263, 26 N. W. 488; *Gamble* v. *Gates*, 92 Mich. 510, 52 N. W. 941; *Macomber* v. *Detroit, etc., R. Co.*, 108 Mich. 491, 66 N. W. 376, 32 L. R. A. 102, 62 Am. St. 713.

In *Irons* v. *Webb*, 12 Vroom 203, 32 Am. Rep. 193, it was held the other way. In *Jones* v. *Robbins*, 29 Me. 351, in a bond to convey land upon the payment of a note, time was held not to be of the essence of the contract, unless the parties have expressly agreed that it shall be so regarded.

In *Halstead* v. *Jessup*, 150 Ind. 85, a case in which, in a contract of sale, the purchaser of timber was given four years within which to remove the same, it is expressly held that the purchaser did not forfeit his right to remove the timber after the four years, in the absence of a forfeiture clause. In the course of the opinion the court say, at page

87: "If by delay in taking the timber, after the period named, damage should occur to the owner of the land, it could not be questioned that such damage could be recovered. But it would be manifestly unjust that mere delay should forfeit both the appellant's money and his timber, and that the appellee should become the owner of the timber upon the strength of an implied forfeiture."

There is a conflict in the evidence as to whether there was or was not a time limit to the contract. The trial court passed upon that conflict. But whether there was or was not such limit, in the absence of a forfeiture clause such limit would not conclude appellant's right.

Did the expiration of the time work a forfeiture? There was no provision in the contract forfeiting the timber upon the expiration of the time given for its removal, and we think the question should therefore be answered in the negative.

Appellant quotes from Beach, Contracts, 753, as follows: "The parties to a contract may, by its terms, make the time of performance essentially important, and its observance in that respect requisite to relief, and when that is not so, either of the parties to the contract may, by a reasonable notice to the other party for that purpose, render the time of performance as of the essence of the contract and avail himself of forfeiture on default."

It appears in the case at bar that appellee did not, before the expiration of the time, notify appellant that time was of the essence of the contract. Appellee testified that in the month of December, 1898, he entered into a parol contract with appellant by which he sold and bartered to him the timber mentioned in the complaint, and that he gave appellant license to cut and remove the same. He further testified that appellant had fully performed his part of the contract, which consisted in cutting a barn pattern for appellee, a part of which was cut from his land; that he permitted appellant to go upon his land and cut the timber for

the barn pattern, and received it, and that he made the cash payment required by the contract, and delivered to appellant the span of mules in part payment for the barn pattern.

During the further progress of the examination of the witnesses, appellant tendered to the court and asked leave to file a second paragraph of answer setting forth the facts to which appellee had testified in his own behalf as showing that appellee had given him license to cut and remove the timber. The court refused to permit appellant to file the pleading offered. To this ruling exception was taken by special bill of exception. The proposition that a license can not be given in evidence under the general denial is so firmly settled as to need no citation of authority to sustain it. *Boltz* v. *Smith,* 3 Ind. App. 43; *Chase* v. *Long,* 44 Ind. 427; *Snowden* v. *Wilas,* 19 Ind. 10, 81 Am. Dec. 370. In the case at bar evidence of the transaction and the license had been introduced by both parties to the action, without objection. As held in numerous cases, the filing of additional pleadings is largely within the discretion of the trial court; but when the justice of the case clearly requires that leave should be granted, it is error to refuse. *Chicago, etc., R. Co.* v. *Jones,* 103 Ind. 386; *Fargo* v. *Cutshaw,* 12 Ind. App. 392. The additional paragraph of answer could not have prejudiced the rights of appellee. But if it had been to the disadvantage of appellee, the court would doubtless, upon proper application, have set aside the submission, and continued the cause at appellant's costs. As said in *Chicago, etc., R. Co.* v. *Jones, supra:* "In a matter involving so much of what is usually regarded as the exercise of a merely discretionary power, we come to a conclusion different from that reached by the circuit court, with much hesitation and reluctance," but we hold that appellant ought to have been allowed to file the additional paragraph of answer. The appellant should not, under the facts disclosed, be denied the right to remove the remaining portion

of the timber, unless it is made clearly to appear that he has forfeited that right.

Judgment reversed, with instructions to permit appellant to file additional paragraph of answer, and other proceedings not inconsistent with this opinion.