YOUNG v. WAGGONER ET AL.

[No. 7,528.   Filed April 17, 1912.]

1. INJUNCTION.—*Timber Contract.—Interference with Rights.— Parties.*—In a suit to restrain a grantee of land from interfering with rights acquired by plaintiffs under a timber contract executed between plaintiffs and the grantor prior to the conveyance, and of which the grantee had notice, where it does not appear from the complaint that the grantor owned or was asserting any interest in the land at the time the action was brought, such grantor was not a necessary party defendant. p. 205.

2. INJUNCTION.—*Timber Contract.—Defective Description of Land. —License to Cut and Saw Timber.—Complaint.—Sufficiency.*—In a suit to restrain a grantee of land from interfering with rights acquired under a timber contract, where the complaint averred that the consideration for the contract had been paid, that plaintiffs had entered into possession under its terms, and that the interest of such grantee in the land was acquired with full notice of plaintiffs' rights, an irrevocable license to cut and saw the timber was shown, and the complaint was sufficient, although the description of the land in such contract may have been insufficient to convey an interest in real estate.   p. 205.

3. LICENSES.— *Revocation.*— *Consideration.*— *Restoration.*—*Necessity.*—Although at common law a mere license to enter on real estate is revocable at the pleasure of the licensor, on principles of equity the licensor, or, in the event of a conveyance, the grantee with notice, is estopped from revoking a license after it has been acted on and money has been expended on the faith thereof, without placing the licensee in *statu quo.* p. 205.

4. APPEAL.—*Review.*—*Decision of Court.*—*Insufficient Evidence.*— In a suit to restrain the interference with rights under a license to cut timber, although the defendant acquired his interest in the land with full knowledge of the license and the rights of plaintiffs thereunder, the decision of the court in favor of plaintiffs was not supported by the evidence, where it was not shown that defendant's grantor, who was the grantee of the licensor, had neither actual nor constructive notice of the existence of plaintiff's claim to the timber. p. 206.

5. VENDOR AND PURCHASER.—*Bona Fide Purchaser.*—*Secret Equities.*—A *bona fide* purchaser of real estate without notice takes the same free from secret equities, and after acquired notice does not affect his rights. p. 206.

6. VENDOR AND PURCHASER.—*Bona Fide Purchaser.*—*Rights of Purchaser with Notice from Purchaser Without Notice.*—A purchaser of land, with notice of secret equities, from a purchaser thereof without notice, succeeds to all the rights of his grantor. p. 207.

7. VENDOR AND PURCHASER.—*Bona Fide Purchaser.*—*Presumption* —*Burden.*—The law presumes the grantee in a deed to be a *bona fide* purchaser, and the burden of overcoming this presumption rests upon him who seeks to impeach the title. p. 207.

From Pulaski Circuit Court; *Francis J. Vurpillat,* Judge.

Action by John C. Waggoner and another against John A. Young. From a judgment for plaintiffs, the defendant appeals. *Reversed.*

*Frank V. Guthrie,* for appellant.

*Truman F. Palmer, Benj. F. Carr,* and *George Burson,* for appellees.

IBACH, P. J.—In brief, the essential averments of the amended second paragraph of complaint, on which judgment was rendered, are the following: On April 29, 1908, Samuel A. Royer was the owner of a certain described farm of eighty acres in White county, Indiana. On that date, by an agreement in writing, a copy of which is set out, he sold to

plaintiffs all the timber above a certain size on this farm, and agreed to allow them to erect on the land a sawmill, in order to saw the timber. The consideration for this agreement was $350, then and there paid by plaintiffs. Plaintiffs took possession of the real estate under the agreement for the purposes of cutting timber, and continuously occupied it for that purpose until prevented by the acts of defendant, later set forth, during which time they cut a considerable portion of the standing timber. Defendant now claims to be the owner of said real estate, and ignores plaintiffs' rights to possession of the cut and standing timber, has locked the gates through which they might have entered on the land, refuses to allow them to enter thereon, has taken possession of the cut and standing timber, refuses to surrender the same, and refuses to allow them to erect a sawmill, or in anywise to exercise the rights and privileges granted them on the premises by the agreement with Royer. If defendant has any right of ownership in the real estate, it was acquired by him and by those through whom he claims after the execution of said agreement, and with full knowledge, by him and those through whom he claims of the occupancy of the premises by plaintiffs under said agreement. By reason of the wrongful conduct of defendant, plaintiffs are unable to obtain possession of their property, and thereby suffer great loss—the sum of $2,000—and they have no adequate means at law to recover possession of their property, and if defendant shall not be restrained from interfering with their rights, they will suffer great additional damage. Plaintiffs have in nowise violated the terms of their agreement, and they pray permission to go on the lands and erect a sawmill, cut the timber standing, and saw that already cut, and that they be adjudged the owners of the timber, and that defendant be restrained from interfering with their rights in the premises as determined by said agreement.

On trial by the court, appellees recovered judgment according to the prayer of their complaint.

The complaint is good as against the objections urged. It was not necessary to join Royer as a party, for he was not a party in interest, and this was not a suit to enforce 1. the contract between Royer and appellees, but to restrain appellant from interfering with rights already acquired by appellees, with notice to appellant, under such contract, and it does not appear from the complaint that at the time of bringing this action Royer owned or was asserting any interest in the land. If in the written agreement 2. between Royer and appellees, the description of the land on which the timber is situated is insufficient to convey an interest in real estate, which we need not and do not decide, yet such agreement would give to appellees a license to go on the lands and cut the trees, erect a sawmill, and saw the timber. It is averred that the consideration for this contract had been paid, and that appellees had entered into possession of the land under its terms, and also that whatever interest in the land may have been acquired by appellant and his grantors was acquired with full notice of the rights of appellees. The license having thus been acted on, it was irrevocable, and appellant and his grantors having notice, the complaint was good against appellant.

On strict common-law principles, it may be said that a mere naked license to enter on real estate is revocable at the pleasure of the licensor, but on principles of equity 3. the revocation of a license after it has been acted on, and money has been expended on the faith thereof, without placing the licensee in *statu quo*, would amount to a constructive fraud, and would work an estoppel in such licensee's favor. The same rule would apply to the grantee of the licensor, who, with full notice and knowledge of the license, and that the licensee had expended money and performed labor on the faith of such license, purchased the land. *Buck* v. *Foster* (1897), 147 Ind. 530, 46 N. E. 920, 62 Am. St. 427; *Watson* v. *Adams* (1904), 32 Ind. App. 281, 69 N. E. 696; *Miller* v. *State* (1872), 39 Ind. 267; *Messick* v. *Mid-*

*land* *R. Co.* (1891), 128 Ind. 81, 27 N. E. 419; *Hodgson* v. *Jeffries* (1876), 52 Ind. 334; *Stoner* v. *Zucker* (1906), 148 Cal. 516, 83 Pac. 808, 113 Am. St. 301, 7 Ann. Cas. 704 and note.

It appears from the evidence that the agreement between Royer and appellees was executed, and the consideration paid as alleged in the complaint. On August 15, 1908,

4.   Royer conveyed, by warranty deed, the same farm on which the timber was situated, for the consideration of $3,600, to James M. Million and Queen V. Million, his wife. By warranty deed, dated February 6, 1909, delivered February 28, 1909, this same farm was conveyed by the Millions to appellant, for the consideration of $4,000. There is evidence that appellees marked the trees in July or August, 1908. In December, 1908, after the Millions had entered into possession of the land appellees entered thereon and began to cut timber, but were ordered by James M. Million to stop. They continued cutting, and had most of the timber cut when appellant took possession of the land in March, at which time he forbade appellees coming on the premises to remove the logs cut, and locked the gates. Appellees then brought this action.

The evidence fails to support the decision of the court, for the reason that it is not shown that James M. and Queen V. Million, or either of them, at the time of purchasing the land, had any notice of the existence of any claim of appellees to the timber. Appellees' contract was not recorded, and had been made more than forty-five days before the date of the conveyance to the Millions. Even though there is testimony that the trees had been marked, it does not appear either that the Millions knew this, or had means of knowing it, and, so far as the record shows, the Millions took the land without either actual or constructive notice of appellees' claim.

5.   They became *bona fide* purchasers, and appellees can assert no rights against them, for a *bona fide* purchaser of real estate without notice takes free from secret

equities. Notice obtained after the purchase has been completed by payment of the consideration and transfer of title does not affect the purchaser's right to protection in the estate acquired. 23 Am. and Eng. Ency. Law (2d ed.) 475, 522; 2 Pomeroy, Eq. Jurisp. §754.

It is immaterial whether appellant had notice. His testimony is that he had no actual notice, but there are facts from which the court might have found constructive notice.

6. The rule is that a purchaser with notice from a purchaser without notice succeeds to all the rights of his grantor. 2 Pomeroy, Eq. Jurisp. §754; *Buck* v. *Foster, supra; Brown* v. *Budd* (1850), 2 Ind. *442; *Brown* v. *Cody* (1888), 115 Ind. 484, 18 N. E. 9; *McShirley* v. *Birt* (1873), 44 Ind. 382; *Citizens St. Bank* v. *Julian* (1900), 153 Ind. 655, 55 N. E. 1007.

Appellees, in order to assert their claim against appellant, must prove that appellant's grantors had notice of appellees' claim. In the absence of evidence, the law presumes a grantee in a deed to be a *bona fide* purchaser, and the burden of overcoming this presumption rests on the person seeking to impeach the title. *Citizens St. Bank* v. *Julian, supra.*

For the error pointed out, the cause is reversed, and remanded for new trial.

Judgment reversed.

NOTE.—Reported in 98 N. E. 145. See, also, under (1) 22 Cyc. 912; (2) 22 Cyc. 924; (3) 25 Cyc. 646; (5) 39 Cyc. 1774; (6) 39 Cyc. 1773; (7) 39 Cyc. 1781. As to what notice, by a licensee to cut timber, is implied so as to affect a purchaser of the land, see 104 Am. St. 342. The question of the revocability of a license to maintain burden on land after licensee has incurred expense is considered in an extension note in 49 L. R. A. 497 and in supplemental notes in 19 L. R. A. (N. S.) 700 and 25 L. R. A. (N. S.) 727.