Don **BAXTER, d/b/a Baxter Lumber Company, Appellant (Defendant Below),**

v.

**Jacqueline F. LYTTLE, Appellee (Plaintiff Below).**

No. 4–783A251.

Court of Appeals of Indiana, Fourth District.

June 26, 1984.

Rehearing Denied Aug. 14, 1984.

Harold E. Ford, Stephanie H. Smith, c/o Todd, Walro, Collins & Smith, Madison, for appellant.

Ronald R. Fifer, Fifer, Vogt & Lanum, Jeffersonville, for appellee.

CONOVER, Presiding Judge.

Don Baxter, d/b/a Baxter Lumber Company (Baxter) appeals the Clark Circuit Court's award of damages to Jacqueline F. Lyttle (Lyttle) for cutting timber which he had not previously purchased.

ISSUES

1. Was Baxter subject to statutory treble damages for cutting timber he had not previously purchased?

2. Were the damages assessed against Baxter excessive?

3. Did the trial court err by not awarding attorney fees to Lyttle?

FACTS

Baxter, a licensed and experienced timber buyer, signed a written contract to purchase timber growing on land owned by three real estate speculators. The contract provided Baxter could cut and remove the trees from the land until December 11, 1982. Baxter did not record this contract. Before Baxter's contract expired or he had begun to cut any of the timber, the speculators sold the land to Lyttle.

When Baxter cut trees on the property eighteen months after the contract was

signed, he did not know the land had been sold, and Lyttle did not know Baxter had a contract to cut and remove the trees.

## DISCUSSION AND DECISION

### I. Unauthorized Cutting of Timber

The parties disagree as to whether the following statute applies to Baxter's conduct:

> A person who cuts or causes to be cut any timber which he has not previously purchased shall, in lieu of the normal penalties of this chapter, pay the owner of the cut or appropriated timber three (3) times the stumpage value of the timber.

IND.CODE 25–36.5–1–17. Baxter argues he previously had purchased the timber under the contract with the three prior owners, making IC 25–36.5–1–17 inapplicable. Lyttle argues that purchase has no meaning as to her because it was not recorded, and she was a bonafide purchaser without notice of the previous contract. Thus, the issue becomes whether Baxter had "previously purchased" the timber within the meaning of the statute.

Baxter argues this timber purchase was merely "unperfected" because the contract was not recorded. Even oral timber purchase contracts are enforceable in some circumstances, he opines, citing *Cool, et al. v. The Peters Box & Lumber Co.*, (1882) 87 Ind. 531, 538, and *Watson v. Adams*, (1904) 32 Ind.App. 281, 69 N.E. 696, and the current statute of frauds regarding such contracts, IND.CODE 32–9–5–13, merely bars their enforcement. Further, he reasons, the Uniform Commercial Code, IC 26–1–2–107(2) which provides for a present sale of "growing crops or other thing attached to the realty" supports his contention there was an unperfected timber sale which removes him from the treble damage statute's ambit.

We disagree. *Cool*, *Watson*, and IC 32–9–5–13 involve suits between timber buyers and sellers, not innocent third persons without notice. Further, IC 26–1–2–107(2) is inapplicable to timber sales; subsection (1) deals exclusively with timber sales and provides they constitute a sale of "goods" when the *seller* is to sever the timber from the realty.

■ Here, the buyer, not the seller was to cut the timber. Where a timber contract provides the timber is to be cut by the buyer, the contract concerns an interest in land and is not a contract for the sale of "goods" within the meaning of that statute. *Tousley-Bixler Const. v. Colgate Enterprises, Inc.*, (1982) Ind.App., 429 N.E.2d 979, 982. The UCC does not apply to such transactions. *Tousley-Bixler Const., supra.*

■ Regarding conveyances of interests in land IND.CODE 32–1–2–31 reads in part:

> All instruments of writing of and concerning lands, or concerning any interest therein ... shall be deemed a conveyance within the provisions of this chapter, so far as such provisions apply to the ... recording thereof, and the facts and effect of such recording.

Concerning recording requirements of contracts dealing with interests in real estate, IC 32–1–2–16 reads in part:

> Every conveyance ... of lands or of any interests therein ... shall be recorded in the recorder's office of the county where such lands shall be situated; ... and such conveyance ... shall be fraudulent and *void* as against any subsequent purchaser ... in good faith and for a valuable consideration, having his deed ... first recorded. (Emphasis supplied.)

Under such provisions it is clear Baxter's contract providing he, the buyer, was to cut timber was a contract concerning an interest in land. Thus, it was void as to Lyttle because not recorded as required by IC 32–1–2–16.

■ In this case, it is undisputed Baxter had not purchased the timber from Lyttle, the landowner at the time Baxter began to cut the trees. Discussing IC 25–36.5–1–17, our First District said:

> Statutes enacted by our legislature are to be construed to give effect to the ordinary and plain meaning of the words used. *Thompson v. State*, (1981) Ind.

App., 425 N.E.2d 167, *trans. denied* (1982). Judicial construction of a statute is permissible only where the statute is ambiguous and of doubtful meaning. *Sue Yee Lee v. Lafayette Home Hospital,* (1980) Ind.App., 410 N.E.2d 1319, *trans. denied* (1981). If the intent of the statute is unmistakable and its meaning is plain and unambiguous, we will adopt the meaning plainly expressed in the statute. *Thompson v. State, supra.* In the present case, IC 25–36.5–1–17 provides, "A person who cuts or causes to be cut any timber which he has not previously purchased shall, in lieu of the normal penalties of this chapter, pay the owner of the cut or appropriated timber three (3) times the stumpage value of the timber."

*Wright v. Reuss,* (1982) Ind.App., 434 N.E.2d 925, 929. Baxter contends, however, the statute does not cover the cutting of timber purchased in good faith from the true owner at the time even if the trees were not cut prior to transfer of the title to the real estate. In other words, he argues, this statute being penal in nature requires a showing of *mens rea* or criminal intent before the treble damages statute applies. We disagree.

As noted in *Wright, supra,*

The language in this statute is plain. It does not require the person to have intentionally or willfully cut timber which he or she has not previously purchased. Furthermore contrary to Wright's assertion, IC 25–36.5–1–17 is a civil penalty and not a criminal penalty.... Clearly, if our legislature had wanted mistake of fact to be a defense of the imposition of treble damages, it could have so provided.... [O]ur legislature's intention was to impose a civil penalty on those persons, particularly timber buyers, who cut timber which they had not previously purchased regardless of whether the timber was cut by mistake. The imposition of such a penalty insures the timber buyers will exercise care in the cutting of timber and protects the land owners of

Indiana from the careless felling of their timber....

*Wright, supra,* 434 N.E.2d at 929.

The trial court correctly applied the treble damages statute in this case.

## II. Calculation of Damages

■ Baxter argues the method used to arrive at the stumpage value of the timber cut was speculative, and Lyttle responds by setting out at length the process its expert used to arrive at the stumpage value. Lyttle's expert determined the stumpage value of the trees cut to be $6,600, and Baxter determined the stumpage value to be $1,800. Baxter specifically argues the damages are speculative because the expert considered the veneer potential of some of the trees in calculating the stumpage value of the timber. Baxter contends the stumpage value mentioned in the statute does not include veneer potential as a factor in arriving at that value. We cannot say the damage award which the trial court trebled is so outrageous as to impress us at first blush with its enormity. *See, Posey County v. Chamness,* (1982) Ind.App., 438 N.E.2d 1041, 1049 and cases cited therein. Considering the veneer potential of some of the timber cut does not render the amount of damage outrageous. To the contrary, it is properly considered as an element of the damage to Lyttle's property.

We find no error here.

## III. Attorney Fees

■ Lyttle argues on cross-appeal Baxter violated IC 34–4–30–1, making imposition of attorney fees appropriate. Baxter responds, and the trial court found, Baxter had not violated any criminal statutes. Lyttle asserts Baxter violated our criminal mischief statute (IC 35–43–1–2) and our theft statute (IC 35–43–4–2).

The trial court appropriately refused to impose attorney fees against Baxter. Before we can impose attorney fees pursuant to IC 34–4–30–1, we must be able to say as a matter of law Baxter knowingly or intentionally exerted unauthorized control over the timber with the intent to deprive Lyttle

of any part of its value or use (theft IC 35–43–4–2). *Fort Wayne National Bank v. Scher,* (1981) Ind.App., 419 N.E.2d 1308, 1313. Nor did Baxter recklessly damage Lyttle's property without her consent (criminal mischief IC 35–43–1–2). The evidence shows Baxter was unaware of Lyttle's purchase of the property upon which the timber was growing. He may, in fact, have exerted unauthorized control over Lyttle's property, but he could not have intended to deprive Lyttle of any part of its value or use because he did not know Lyttle owned the timber. He thought he had purchased it. Furthermore, we cannot say Baxter's not checking with the recorder's office before cutting the timber constituted reckless conduct as a matter of law. Thus, Baxter did not violate those criminal statutes.

Finding no error, we affirm.

MILLER, J., concurs.

SULLIVAN, J. (sitting by designation), dissents with opinion.

SULLIVAN, Judge, dissenting.

Although I agree with the majority decision insofar as it affirms the award of compensatory damages and the denial of attorney fees to plaintiff, I dissent with respect to the imposition of treble damages against Baxter.

The majority erroneously relies upon *Wright v. Reuss* (1st Dist.1982) Ind.App., 434 N.E.2d 925. *Wright* involved timber which was not covered by the contract between Wright and the Schwabs but was located on adjoining land owned by Reuss. The timber was mistakenly cut by Wright thinking that it was on Schwabs' real estate. The timber in controversy in *Wright* had never been purchased and was therefore not within the "previously purchased" exception of I.C. 25–36.5–1–17. The First District in the *Wright* case did, however, observe that the tenor of treble damage provisions in timber cutting statutes of other jurisdictions and the case law of those states indicates a design to deter malicious

or intentional poaching and not to punish good faith cutting of timber.

The First District chose not to implement an apparent deterrent purpose of the statute but rather chose to interpret it according to "the ordinary and plain meaning of the words used." *Wright v. Reuss, supra,* 434 N.E.2d at 929.

The majority decision today, not only ignores the underlying historical deterrent purpose of the treble damage provision but also ignores the basic premise of statutory construction which compelled the First District to permit treble damages in *Wright.*

The treble damage provision is punitive in nature. Such provisions must be strictly construed and may not be enlarged by implication or intendment beyond the letter of the language used. *Evansville & Ohio Valley Railway Co., Inc. v. Southern Indiana Rural Electric Corp., Inc.* (1953) 231 Ind. 648, 109 N.E.2d 901; *Meade Electric Co., Inc. v. Hagberg* (1959) 129 Ind. App. 631, 159 N.E.2d 408.

The language of our statute is clear and unambiguous. It precludes treble damages if the timber has been previously purchased. It does not require that the timber be purchased *and* severed from the real estate; it does not require that the timber be purchased *and* severed *and* removed from the real estate and it does not say that the protection against treble damages is valid only as against the person from whom the timber was purchased. If the legislature had intended that the treble damage provision be so extended the statute would contain language to that effect.

I.C. 25–36.5–1–17 clearly demonstrates that the purchase of timber which precludes the recovery of treble damages must necessarily take place before severance of the timber from the real estate. Therefore, for purposes of this provision the legal premise that purchase of standing timber is merely a contract to sell and does not pass title to the timber, is not supportive of the majority's position.

The rule enunciated in today's decision would impose treble damage liability upon

one who on Monday purchases the right to cut timber from the owner of the underlying real estate but who delays entry and cutting until Wednesday, if in the interim the seller of the timber has conveyed the real estate to a third party. Such result was obviously not the intent of the statute.

Baxter readily concedes, as he must, that he could have recorded his timber cutting contract and thus give notice to the world and afford himself protection against a subsequent purchaser of the real estate. That concession necessarily leads him to the further concession that he is liable to Lyttle for the stumpage value of the timber which was cut. Baxter's failure to record the contract, however, does not lead to the conclusion that he is liable for treble damages.

I would reverse and order judgment be entered for Lyttle for compensatory damages of $6,600 and costs.