Donald BAXTER, d/b/a Baxter Lumber Company, Appellant,

v.

Jacqueline F. LYTTLE, Appellee.

No. 385S113.

Supreme Court of Indiana.

March 21, 1985.

Rehearing Denied May 13, 1985.

M. Owen Mohler, Indianapolis, for appellant.

Ronald R. Fifer, Charles R. Murphy, Fifer, Vogt & Lanum, Jeffersonville, for appellee.

GIVAN, Chief Justice.

This cause comes before the Court on appellant's Petition to Transfer. We grant the petition and thereby vacate, except insofar as it has been incorporated in this opinion, the decision of the Court of Appeals reported at 465 N.E.2d 198.

On December 11, 1980, appellant, a licensed timber buyer, contracted with three landowners to cut and remove trees on their jointly-owned property. Upon executing the contract, which provided that appellant could cut and remove trees within a two-year period, appellant paid $1,800 for the timber. On September 11, 1981, the landowners sold the real estate to appellee, who had no knowledge of the unrecorded timber contract. Nine months later appel-

lant, unaware that the property had been sold, cut trees on appellee's property.

Appellee brought suit alleging violation of Ind.Code § 25–36.5–1–17, the statute governing the unauthorized cutting of timber. The trial court awarded her damages in the amount of $20,375, which represented three times the stumpage value of $6,600 plus additional damages and costs. The court denied appellee's request for attorney's fees pursuant to Ind.Code § 34–4–30–1.

On appeal, appellant alleged error in the ascertainment of the stumpage value of the timber and in the imposition of treble damages. Appellee cross-appealed, alleging error in the denial of attorney's fees. The Court of Appeals affirmed the trial court in all respects. *Baxter v. Lyttle* (1984), Ind. App., 465 N.E.2d 198 (Sullivan, J., dissenting).

█ In his petition appellant contends that the majority of the Court of Appeals erroneously affirmed the determination of the stumpage value and erroneously construed the statute in affirming the imposition of treble damages. As we agree with the Court of Appeals' disposition of the first issue, as well as its disposition of the issue of attorney's fees, we incorporate their opinion on these issues by reference herein.

█ Thus the issue here is whether appellant is liable for treble damages. The statute, which appellant argues is inapplicable, states that: "A person who cuts or causes to be cut *any timber which he has not previously purchased* shall, in lieu of the normal penalties of this chapter, pay the owner of the cut or appropriated timber three (3) times the stumpage value of the timber." Ind.Code § 25–36.5–1–17 (emphasis added). Stated more narrowly, the question is whether appellant's purchase of the timber from the previous landowners precludes the imposition of treble damages.

The Court of Appeals correctly noted that the unrecorded timber contract was void as to appellee, and implicitly concluded that appellant had not previously pur-chased the timber within the meaning of the statute. *Baxter, supra* at 200. The court focused its discussion on appellant's argument that the statute does not cover the cutting of timber purchased in good faith from the owner at the time of purchase even if the trees were not cut prior to transfer of the title to the real estate. Upon rephrasing the argument to be that the statute requires a showing of *mens rea* or criminal intent before the treble damages provision applies, the court rejected appellant's contention. *Id.* at 200–201.

The majority relied on *Wright v. Reuss* (1982), Ind.App., 434 N.E.2d 925, the sole Indiana case interpreting the treble damages provision of the statute. In *Wright* an unregistered timber buyer argued that his mistake in cutting timber on the wrong property was made in good faith. The Court of Appeals found that because the statute "does not provide for a defense of mistake of fact or require an intent on the part of the person who cut the timber," the trial court's award of treble damages was appropriate. *Id.* at 929.

In his dissent Judge Sullivan correctly recognized that the majority's reliance on *Wright, supra* was erroneous. *Baxter, supra* at 202. In *Wright* the question of whether the timber had been previously purchased was not at issue. Further, in the instant case appellant's intent, or lack thereof, is not relevant to our decision.

Appellant had in fact previously purchased the timber in controversy, albeit not from appellee. The fact that the unrecorded timber contract was void as to appellee does not lead to the majority's conclusion that, for purposes of the statute, the contract never existed.

Appellee cites *Young v. Waggoner* (1912), 50 Ind.App. 202, 98 N.E. 145, to support her contention that the majority's conclusion is correct. The case involved the attempt of a timber cutter to restrain the grantee of a bona fide purchaser from interfering with his rights under a timber contract. The court found that the landowner could cut off the timber cutter's rights if the grantor had in fact taken title

without notice of the contract, as "a *bona fide* purchaser of real estate without notice takes free from secret equities." *Id.* at 206–207, 98 N.E. at 147.

We find *Young* to be inapposite to the instant case. Appellant had already cut the timber when this action was instituted; therefore, the question of whether appellee could have restrained him from doing so is not presented. Additionally, any probability that appellee could have cut off appellant's rights under his contract with the previous landowners has no bearing on the relevance of that contract to the statute.

Because the statute in question is punitive in nature, we must follow the fundamental rule that penal statutes are to be strictly construed. "Under this rule such statutes will not be enlarged by implication or intendment beyond the fair meaning of the language used." *Evansville & Ohio Valley Railway Co., Inc. v. Southern Indiana Rural Electric Corp., Inc.* (1953), 231 Ind. 648, 652, 109 N.E.2d 901, 903 (citations omitted). Ind.Code § 25–36.5–1–17 states only that a person who cuts timber which "he has not previously purchased" is liable to the owner for treble damages. Absent additional language in the statute, for example addressing from whom the timber was purchased, we must conclude that the statute is inapplicable to appellant by virtue of his purchase of the timber from the previous landowners.

As stated by Judge Sullivan,

"The language of our statute is clear and unambiguous. It precludes treble damages if the timber has been previously purchased. It does not require that the timber be purchased *and* severed from the real estate; it does not require that the timber be purchased *and* severed *and* removed from the real estate and it does not say that the protection against treble damages is valid only as against the person from whom the timber was purchased. If the legislature had intended that the treble damage provision be so extended the statute would contain language to that effect." *Baxter, supra* at 202.

We are constrained to interpret the statute according to its plain and unambiguous meaning, and consequently hold that appellant had previously purchased the timber within the meaning of the statute and therefore is not liable for the statutory treble damages. This of course does not affect appellant's liability for compensatory damages, which he does not dispute.

Transfer is granted and the opinion of the Court of Appeals, except insofar as it has been incorporated in this opinion, is vacated. The trial court is ordered to modify its judgment in accordance with this opinion.

All Justices concur.