**Larry BEEMAN, Sr. d/b/a Beeman's Timber Co. and Larry Beeman, Jr. d/b/a Beeman's Timber Co., Appellants–Defendants,**

**v.**

**Gilbert MARLING a/k/a Russell Marling and Larry G. Marling, Appellees–Plaintiffs.**

No. 05A04–9403–CV–110.

Court of Appeals of Indiana, Fourth District.

Feb. 8, 1995.

Transfer Denied June 13, 1995.

David W. Stone IV, Anderson, for appellants.

Steven D. Murphy, James R. Williams, DeFur, Voran, Hanley, Radcliff & Reed, Muncie, for appellees.

## OPINION

CHEZEM, Judge.

### Case Summary

Defendants-appellants, Larry Beeman, Sr. and Larry Beeman, Jr., d/b/a Beeman's Timber Co., (collectively "Timber Co."), appeal from a judgment following a jury trial for Plaintiffs–Appellees Gilbert Marling a/k/a Russell Marling, and Larry G. Marling (collectively "Marlings"). We affirm.

### Issues

The Timber Co. presents the following issues for review:

1. Whether the jury's award of treble damages is contrary to law.

2. Whether certain evidence, including evidence of the Timber Co.'s belief that it had purchased the right to cut the timber, was properly excluded.

### Facts and Procedural History

Gilbert and Larry Marling are brothers and owners of a parcel of real estate which is the home to many valuable species of trees. The real estate was given to them and a third brother by their grandfather in 1962.[1]

Larry Beeman, Sr. and his son Larry Beeman, Jr. are in the timber business. They are unlicensed timber cutters who purchase timber from landowners, cut and harvest it, and sell the finished timber to sawmills and furniture companies.

In February, 1991, the Timber Co. was contacted by Larry Sr.'s brother, Marvin Beeman, and Todd Thompson who said that they had located some timber in Jennings County, Indiana that was for sale. After the Timber Co. decided it was interested in the timber, Thompson negotiated a $3,000.00 contract of sale for the timber with Gayla Marling, the Marling's niece. Gayla misrepresented herself to Thompson as having an

ownership interest in the tract of land. The Timber Co. also paid a $500.00 finders fee to Marvin Beeman who aided Thompson in negotiating the contract with Gayla. The Timber Co.'s $3,000 check was negotiated by Gayla Marling. The Timber Co. used five men over the course of four to five days to cut approximately 119 trees. The Timber Co. did not learn that Gayla Marling did not have any proprietary interest in the land until after the timber had been cut. Upon learning that someone was cutting timber on their land, Gilbert and Larry Marling immediately reported the incident to the Jennings County Sheriff's Office.

The Marlings filed a three-count complaint seeking damages, including but not limited to, treble damages pursuant to Indiana Code § 25–36.5–1–17. The Marlings moved for partial summary judgment asserting that IC 25–36.5–1–17 imposes strict liability and awards treble damages as a matter of law. The trial court granted the motion in part and denied it in part. The trial court concluded that there was no material issue of fact as to liability; however, there were genuine issues of material fact as to damages and treble damages.

The case proceeded to trial on the issue of damages. The resultant jury verdict consisted of three elements of damages for the Marlings: stumpage value of $9,000.00; three times stumpage value of $27,000.00; and damage to the land of $1,200.00. The Timber Co. appeals only the award of treble damages and does not challenge the award of actual damages.

### Discussion and Decision

#### I. Treble Damages

■ The Marlings argue that IC 25–36.5–1–17 imposes strict liability for treble damages. They assert that the only relevant inquiry is whether the Timber Co. cut the timber without first purchasing it from the owner. We agree. The relevant statutory authority provides:

---

1. Gilbert owns 28 acres and Larry owns 12 acres. The third brother originally owned 10 acres but Gilbert bought his acreage in 1963.

A person, or a representative of the person who cuts or causes to be cut any timber which the person, or a representative of the person has not previously purchased shall, in lieu of the normal penalties of this chapter, pay the owner of the cut or appropriated timber three (3) times the stumpage value of the timber.

IC 25–36.5–1–17(a) (repealed by P.L.220–1993, SEC.10).[2]

The issue presented is whether the Timber Co. had "previously purchased" the timber within the meaning of the statute. The Timber Co. argues, applying our supreme court's construction of IC 25–36.5–1–17(a) in *Baxter v. Lyttle* (1985), Ind., 475 N.E.2d 675 *reh. denied,* that it had previously purchased the timber within the meaning of the statute, even though it had not in fact purchased the timber from the true owner. The Timber Co. cites to that portion of the *Baxter* opinion where our supreme court stated:

Ind.Code § 25–36.5–1–17 states only that a person who cuts timber which "he has not previously purchased" is liable to the owner for treble damages. *Absent additional language in the statute, for example addressing from whom the timber was purchased,* we must conclude that the statute is inapplicable to appellant by virtue of his purchase of the timber from the previous landowners.

475 N.E.2d at 677. (emphasis added).

In *Baxter,* the timber cutter, Baxter, entered into a contract with the landowners. The contract was not recorded. Before any timber was cut and before the contract had expired, the landowners sold the land to Lyttle. Lyttle knew nothing of the contract. Baxter cut trees on the property without knowing that the land had been sold. The issue on appeal was whether Baxter had "previously purchased" the timber within the meaning of the statute. Baxter argued that he "purchased" the rights from the previous landowners and therefore IC 25–36.5–1–17

did not apply. The trial court disagreed and awarded treble damages in favor of Lyttle.

On appeal, this court affirmed applying *Wright v. Reuss.*[3] We held that IC 25–26.5–1–17 applied and that the award of treble damages was proper because the statute does not provide for the defense of mistake of fact. *Baxter v. Lyttle* (1984), Ind.App., 465 N.E.2d 198. Judge Sullivan dissented on the issue of treble damages and said that the majority erroneously relied on *Wright* because that case involved timber which was not covered by the contract between the timber cutter and the landowners, but was located on adjoining land owned by a third party. *Id.* at 202–03. Thus, the timber had not been "previously purchased" within the meaning of the statute. According to Judge Sullivan's dissent, the statute is clear in that it precludes treble damages if the timber has been previously purchased.

[The statute] does not require that the timber be purchased *and* severed from the real estate; it does not require that the timber be purchased *and* severed *and* removed from the real estate and it does not say that the protection against treble damages is valid only as against the person from whom the timber was purchased. If the legislature had intended that the treble damage provision be so extended the statute would contain language to that effect.

*Baxter,* 465 N.E.2d at 202. Our supreme court granted transfer and vacated the court of appeals opinion as to treble damages. *Baxter v. Lyttle* (1985), 475 N.E.2d 675. In so doing, the court agreed with Judge Sullivan's dissent and held that the statute did not apply because Baxter had previously purchased the timber from the landowner.

We disagree with the Timber Co.'s contention that *Baxter* precluded the imposition of treble damages where a timber cutter purchases timber from a third party who is not the true owner. When *Baxter* is read in light of its factual situation, the supreme court's use of the language relied upon by

2. Although this statute has been repealed, the repeal does not apply retroactively. IC 1–1–5–1.

3. *Wright v. Reuss* (1982), Ind.App., 434 N.E.2d 925 (IC 25–26.5–1–17 does not provide for a

defense of mistake of fact and because the statute is clear and unambiguous, it is not open to judicial construction). *See* Issue II for a complete discussion.

the Timber Co. becomes clear. Baxter purchased the timber from the true owners of the land. However, before Baxter had harvested the timber, the landowners conveyed the land to a third party who was without knowledge of the contract. These facts are contrasted to those in *Wright,* where the timber cutter had strayed onto the wrong property and felled trees which he had not purchased at all.

The purpose of the IC 25–36.5–1–17 is to protect landowners from the careless felling of their timber.

> [O]ur legislature's intention was to impose a civil penalty on those persons, particularly timber buyers, who cut timber which they had not previously purchased regardless of whether the timber was cut by mistake. *The imposition of such a penalty ensures that timber buyers will exercise care in the cutting of timber and protects the landowners of Indiana from the careless felling of their timber.*

*Wright,* 434 N.E.2d at 929. (emphasis added). The award of treble damages to the landowner in *Wright* was proper because that landowner had never contracted to sell his timber. Conversely, in *Baxter,* no award of treble damages was necessary to protect the landowners because they had contracted to have their timber cut.

Here, the Marlings did not contract with the Timber Co. to have their timber harvested. While the Timber Co. attempted to purchase the timber rights from Gayla Marling, she did not have any ownership interest in the timber or the land in which to sell. The Timber Co. could have easily determined the ownership of the land and timber by reviewing the relevant documents on file at the county recorder's office. Without taking such simple action, the Timber Co. acted at its own peril in felling the timber. The award of treble damages was appropriate.

## II. Admissibility of Evidence

■ The Timber Co. argues that the trial court erred in excluding certain evidence, including: evidence of the contract under which it purportedly purchased the right to cut the timber at issue; evidence of the payment it made for the timber; and its understanding that it had the right to take the timber. The Timber Co. argues that this evidence was critical because there is no absolute right to treble damages under the statute when timber is taken under an honest mistake of fact.

Because the issue of liability was decided as a matter of law, the case went to trial solely on the issue of damages. At trial, when the Timber Co. sought to introduce evidence of the purchase and its belief that it had purchased the right to cut the timber, the trial court consistently excluded the evidence.

The Timber Co. argues that the real issue before the jury bearing directly on the issue of treble damages should have been whether the Timber Co. intentionally took timber without the right to do so or whether the Timber Co. cut timber under the mistaken belief that it had purchased the right from Gayla Marling.

The Marlings contend that the statute imposes strict liability and therefore what the Timber Co. believed and the facts surrounding the transaction were wholly irrelevant to the issue before the court. We agree with the Marlings.

The statutory construction issue presented in this case is whether the statute requires an intent element thereby offering a mistake of fact defense or whether the statute is intended to impose strict liability. We reached this issue in *Wright, supra.* In that case, Wright was an unregistered timber buyer who entered into an agreement with the Schwabs to cut timber on the Schwabs' land. Wright relied on the Schwabs' oral representation of their property boundaries, and began logging. Later, it was determined that Wright had cut approximately 50 to 60 trees on Reuss's property. Following a jury trial, the trial court entered judgment against Wright for treble damages plus an award for damage to Reuss's property. *Id.* at 927. On appeal, Wright argued that his cutting of Reuss's trees was a good faith mistake because he believed, based on the Schwabs' representations of their property boundaries, that he was cutting trees on the Schwabs' property. *Id.*

After noting that most other jurisdictions have either expressly written into the statute a required intent element, or judicially construed one, we decided that Indiana would not follow the majority. *Id.* We found that Indiana's statute was clear and unambiguous and therefore not open to judicial construction and held that the statute does not provide for a defense of mistake of fact nor does it require an intent element on the part of the person who cut the timber.

Our supreme court in *Baxter* clearly confirmed that the timber cutter's intent is not a relevant inquiry when determining applicability of the statute. 475 N.E.2d at 676 (the appellant's intent, or lack thereof, is not relevant to court's decision regarding treble damages). The trial court was correct in excluding evidence of the facts surrounding the transaction and of the Timber Co.'s belief.

Affirmed.

DARDEN, J., concurs.

RILEY, J., dissents with opinion.

RILEY, Judge, dissenting.

I agree with the majority to the extent that I.C. 25–36.5–1–17(a) (repealed by P.L. 220–1993, SEC.10) imposes strict liability and therefore the Timber Company's belief and the facts surrounding the transaction are wholly irrelevant to the issue before the court. The statute is clear and unambiguous and it does not provide for a defense of mistake of fact nor does it require an intent element on the part of the person who cuts the timber.

However, it is on the issue of treble damages that I diverge with the majority. I would reverse the trial court on the issue of treble damages because I believe that the Timber Company previously purchased the timber within the meaning of I.C. 25–36.5–1–17(a), albeit not from the true owner. I interpret *Baxter v. Lyttle* (1985), Ind., 475 N.E.2d 675, *reh'g denied*, as supporting my position that the statutory imposition of treble damages does not apply to the facts of this case. The statute states only that a person who cuts timber which "[he] has not previously purchased" is liable to the owner for treble damages. I.C. 25–36.5–1–17(a). The statute does not articulate from whom that timber must be purchased.

According to *Baxter*, we must interpret the statute according to its plain and unambiguous meaning. 475 N.E.2d 675. The Timber Company's purchase of the timber from a third party, albeit not from the true owners, precludes the imposition of treble damages pursuant to the statute. While I recognize that the contract between the Timber Company and Gayla Marling was void as to the true owners of the timber, it does not logically follow that for purposes of the statute, the contract never existed. My position recognizes the historical deterrent purpose underlying the treble damages statute and also follows the basic premise of statutory construction upon which the First District in *Wright v. Reuss* (1982), Ind.App., 434 N.E.2d 925, so strictly adhered.

I feel constrained to point out however, that the Timber Company's alleged good faith is not what I base my decision on. I would concur with the majority on the issue of admissibility of the Timber Company's intent. I reach my decision based solely on rules of statutory construction. For the foregoing reasons, I would reverse and vacate the trial court's award of treble damages.