## CHASE *v.* LONG ET AL.

TRESPASS ON REAL ESTATE.—*Pleading.—Evidence.—License.*—In an action of trespass on real estate, license cannot be proved under the general denial, but must be specially pleaded.

SAME.—*Instructions.*—An instruction by the court to the jury in such an action, to disregard evidence tending to prove the entry to have been by authority of a ditching company, because there was no evidence of the organization of the company, did not cure the error committed by the admission of evidence tending to prove license from the owner of the real estate, where such license was not specially pleaded.

From the Howard Circuit Court.

*C. N. Pollard, J. Green, D. Waugh, M. Bell,* and *A. S. Bell,* for appellant.

*C. E. Hendry* and — *Elliott,* for appellees.

DOWNEY, C. J.—This was an action for trespass upon real estate brought by the appellant against the appellees. The defendants pleaded a general denial. There was a trial by jury, a verdict for the defendants, a motion by the plaintiff for a new trial overruled, and final judgment rendered for the defendants.

The error assigned is the overruling of the motion for a new trial.

Several reasons were assigned in the motion why a new trial should be granted, and among them that the court improperly allowed Clark, a witness, to testify that he was surveying a ditch through the lands, on which the trespass is alleged to have been committed ; that one Dickinson was present, and also what Dickinson did and said, with reference to the location and construction of the ditch.

The plaintiff objected to this evidence, on the ground that there had been no proof of any agency or authority of the plaintiff to Dickinson. But upon the statement of the defendants' counsel that they expected to prove the agency, the evidence was admitted. Other evidence was admitted over the plaintiff's objection, to show that the

defendants entered upon the land and cut the ditch under the authority of a ditching company. There was no proof of the agency of Dickinson, or the organization of any ditching company. The court instructed the jury as follows: " The defendants have no answer in justification, but offered some testimony for the purpose of mitigating punitive damages, tending to show that defendants were acting, in cutting the ditch and doing the acts complained of as trespass, under a contract and according to a survey made under the direction of some organized ditching company, but they have not offered a syllable of evidence tending to show that any ditching company was ever organized or attempted to be organized, or has done or attempted a single corporate act that should precede a survey, under which they were working as employees or contractors. You will not, therefore, give any attention whatever to any such evidence, either in mitigation of damages or for any other purpose whatever, and all such testimony is hereby distinctly withdrawn from your consideration." It is urged by counsel for appellees that the instruction cured the error committed by the court in admitting the evidence of the acts and declarations of Dickinson. We do not think so. The instruction relates to " some testimony for the purpose of mitigating punitive damages tending to show that defendants were acting, in cutting the ditch and doing the acts complained of, as trespass, under a contract and according to a survey made under the direction of some organized ditching company." The evidence of Clark was of declarations and acts of Dickinson, tending to show a license or consent on the part of Chase to the entry upon the land and the making of the ditch. The defendants had no right to introduce evidence, under the general denial, of an entry upon the lands and the construction of the ditch by the leave and license of the plaintiff. Such a defence must be specially pleaded under the code as as well as at common law. *Snowden* v. *Wilas,* 19 Ind. 10. The evidence in this case clearly shows the ownership of the land by the plaintiff, the entry upon it by

the defendants, and the digging of a ditch, etc. The case does not seem to have been well tried, and we think a new trial should have been granted, for the reasons stated.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial.