No. 153.

## BOLTZ ET AL. *v.* SMITH.

LICENSE.—*Pleading.—When Plaintiff Granted the License.*—A license from the plaintiff to do the acts alleged in the complaint must be specially pleaded.

SAME.—*Pleading.—Where Stranger Granted the License.*—A license from a stranger, in an action .for trespass to real estate, may be proved under the general denial.

INSTRUCTION.—*Outside Issues.—Harmless Error.*—An instruction outside the issues, but in harmony with the defendant's theory of defence, is a harmless error, although containing abstract propositions not the law.

NEW TRIAL.—*Newly-Discovered Evidence.—Diligence.*—On an application for a new trial because of newly-discovered evidence, it must be shown that diligence before the trial was used to discover and obtain it.

SAME.—*Cumulative Evidence.—Probable Change of Result.*—A new trial will not be granted on newly-discovered evidence that is merely cumulative, nor upon evidence that would not probably change the result.

From the Allen Superior Court.

*T. E. Ellison,* for appellants.

*S. T. Swayne* and *N. D. Doughman,* for appellee.

ROBINSON, J.—The appellee commenced this action against the appellants. The complaint contained two paragraphs. It was alleged in the first paragraph of the complaint that the appellants were partners in the business of ditching and dredging in the counties of Allen and Huntington; that the appellee was the owner and in possession of a tract of land containing four hundred and forty-three acres in Huntington county; that the appellants, while engaged in their said business along and through the appellee's lands, wrongfully and unlawfully, by their agents and employees, cut down and carried away one hundred valuable forest trees, of the value, etc., and wrongfully and unlawfully, by their said employees and agents, placed upon appellee's lands a large amount of decayed matter and water-soaked logs, brush and other *debris* and rubbish, thereby damaging appellee's land, etc., and wrongfully and unlawfully removed and carried away from

the appellee's lands fifty valuable logs, the property of the appellee, of the value, etc., and converted and appropriated to their own use valuable timber and logs, the property of the appellee, which stood upon the right of way of the Little River Ditch, etc.

The second paragraph of the complaint contains, in addition to the averments in the first, the allegations that appellants, while engaged in constructing a ditch or drain known as the Little River Ditch through said county and through the appellee's lands, wrongfully and unlawfully went upon appellee's lands along the right of way of said ditch between the stations therein named, and wrongfully cut and carried away and appropriated to their own use valuable trees, logs and timber from said lands, the property of the appellee, and in the construction of said ditch upon appellee's lands between said stations, wrongfully and unlawfully scattered, carried and dragged upon said lands rubbish, water-soaked logs, brush and other *debris*, carrying the same to a considerable distance beyond the borders of said ditch and proper place of deposit; also converted to their own use certain valuable trees and logs standing and lying upon the right of way of said Little River Ditch, etc.

The appellants answered in two paragraphs:

1. General denial.

2. Justification, under claim of license.

Appellee demurred to the second paragraph of appellants' answer, which was sustained, and exception taken.

The cause was submitted to a jury, resulting in a verdict for the appellee. Appellants filed a motion for a new trial, which was overruled, and exception taken.

Judgment was rendered on the verdict of the jury. The evidence is in the record.

The argument of counsel for the appellants is limited to the alleged error in the court in sustaining the demurrer to the second paragraph of the answer, and in overruling the motion for a new trial.

Boltz *et al. v.* Smith.

The second paragraph of the answer alleged that certain parties filed a petition to drain certain lands in Allen county, Indiana; that, on the 21st day of April, 1886, said drainage, which was called the Little River Drainage, was established by said court; that said court appointed one Edward Ely to superintend the same; that said Ely, as such superintendent, let the contract to the appellant Desheimer to do said work; that the line of said drainage passes along and through the lands described in the complaint; that the contract to do said work was assigned to a firm known as the Little River Ditching Company; that all the acts that were done by the appellants or their employees were done as the employees of the Little River Ditching Company, and in accordance with the specification of said drainage, and that all they did was under the contract so entered into and under and according to the plans and specifications and order made by said court, and under and according to directions and commands of said Ely as such superintendent, and in no other way.

It is claimed by the appellants that this answer pleaded a license, and that a license can not be given in evidence under the general denial, and that the court erred in sustaining the demurrer.

The position that a license can not be given in evidence under the general denial is so firmly settled as to need no citation of authority to sustain it, but the question is, does the answer state facts sufficient to constitute a license? It is not claimed in the answer that the appellee was in any way connected with or had anything to do with the ditching company mentioned in the answer, or that she gave appellants a license to enter upon her lands to do the acts complained of.

A license from the appellee to do the acts complained of would have constituted a complete defence to the action, but must have been specially pleaded. But the distinction is made that while the defence of license requires a special answer, it is only when such license was given by the plaintiff

himself, and not by one claiming title as against the plaintiff. The rule is also stated that " The defence of license requires a special plea, only when such license was given by the plaintiff himself, and not by one claiming title as against the plaintiff." "A license from the plaintiff must be specially pleaded, but a license from a stranger, in whom the soil and freehold are, may be proven under the general issue." Hilliard Rem. for Torts, 305 ; *Rawson* v. *Morse,* 4 Pick. 127 ; *Benton* v. *Allen,* 33 Vt. 486 ; 2 Greenl. Ev. (14th ed.), section 625.

Without considering other objections urged to the answer, we think it clear that the court did not err in sustaining the demurrer to the answer, and that the defence sought to be set up in this answer could have been made under the answer of general denial.

The appellant contends that the court erred in giving the jury the following instruction :

" If a ditch was being constructed through the land (which does not seem to be denied by either party), called the Little River Ditch, by the order of this court, I will say to you, gentlemen, that the defendants, as contractors of that ditch, had a right to enter upon the land and construct the ditch, and in doing so they were not trespassers. Where ditches are established under our statute, proceedings are taken by which an assessment is made of the benefits or damages that will accrue to a property-holder for constructing the ditch through the land, and those assessments, either as to the benefits or the damages, settle the damages that may accrue for entering upon the land and constructing the ditch within the order of the court. But the construction of a ditch does not authorize, and would not in this case authorize, the defendants to do anything more than what was embraced in the order of the court. They would have a right to construct the ditch according to the specifications, and to remove the dirt upon the banks of the ditch. They would have the right to cut down the trees that were growing, if

there were any within the right of way of the ditch, and the damages that would accrue from that were presumably estimated at the time the order of the court was made establishing the ditch. But under the decision of a former judge in this court, in establishing this ditch, it was held, and I think it the law, that while they have the right to cut down the timber that would be on the right of way, or that would be necessary in order to prevent any damage to the ditch, the timber that is cut down does not belong to the defendants. It still belongs to the owner of the land, and if there was any valuable timber cut down or appropriated by the defendants to their own use, as is alleged in the complaint, they will be liable for whatever the value was or the damage that may have resulted from it. There would be no use in cutting it down in order to excavate the work. But if they converted the timber to their own use, then they would be liable for whatever it is worth or whatever the damages may be shown to have been to the plaintiff under the circumstances. Unlike the removing of the rubbish, the order of the court that has been read in evidence to you is that the rubbish must be removed or destroyed. Now, I think the law to be this, and charge it to be in this case, that if there were fallen trees that were lying in the right of way that were of any value, they belonged to the plaintiff, and I think that the law is that the contractors should give notice to the plaintiff of the fact, that they might remove them. I think the contractors would then have the right to remove them upon the premises of the plaintiff, doing, of course, no unnecessary damage in doing so."

This instruction was evidently given by the court under the impression that the order of the court, specifications and the procedure necessary to establish the ditch had been read in evidence to the jury, but an examination of the evidence shows that this was not done. In fact it does not appear from the evidence that the ditch was organized under the statute, what the specifications were, or how or in what man-

ner the work was to be done, further than it was admitted on the trial that the width of the ditch through the premises described in the complaint was to be twenty-eight feet; that the timber was to be cleared, removed and destroyed for a distance of forty feet from the center of the ditch. This admission, when considered in connection with the very unsatisfactory condition of the evidence in the record, fails to show how, in what way, or under what procedure the ditch was being constructed, or that it was being constructed pursuant to statute under an order of court under specifications and other proceedings in pursuance of such order, or that there was any beginning or terminus to said ditch.

The instruction on the points indicated was outside of the evidence, but could not have harmed the appellants, because appellants' justification for doing the acts complained of was that said ditch had been organized under the statute, and that appellants were proceeding under said organization as contractors to construct the same, otherwise appellants were trespassers upon the appellee's lands in all that was done.

The third error complained of is in the court refusing to grant a new trial on the ground of newly-discovered evidence. The appellant in argument assigns no reason why a new trial should have been granted for this reason, and in looking into the record it does not appear that any reason existed. There were affidavits filed of what certain parties would testify to, but there was no showing that the evidence was newly discovered, or that diligence was used to obtain it. On the trial of the cause, and as shown by the affidavits, the evidence expected to be obtained was merely cumulative, and it does not appear that it would have probably changed the result.

We find no error in the record for which the cause should be reversed.

The judgment is affirmed, with costs.

Filed Nov. 10, 1891.