## NATIONAL LIVE STOCK INSURANCE COMPANY v. OWENS.

[No. 9,121. Filed October 27, 1916.]

1. APPEAL.—*Record.*—*Matters Not in Record.*—*Bill of Exceptions.* —*Failure to File in Time.*—Under §657 Burns 1914, Acts 1897 p. 244, concerning the use of original bills of exception on appeal, a bill of exception containing the evidence which is not presented to the trial judge for settlement and signing within the time allowed by the court is not a part of the record on appeal, and presents no question for consideration. p. 72.

2. APPEAL.—*Record.*—*Ruling on Demurrers.*—*Several Exceptions.* —A single exception to the ruling of the court sustaining demurrers to several paragraphs of answer is separate and several and presents the question of the sufficiency of each of such answers, where the demurrers were separate and several and the ruling was on each of them. p. 73.

3. APPEAL.—*Record.*—*Matters Not in Record.*—*Scope of Review.*— Where the evidence is not in the record, it is not available to determine appellee's argument that error, if any, in sustaining demurrers to several paragraphs of answer was harmless because evidence in support of such answers was introduced at the trial. p. 73.

4. INSURANCE.—*Action on Policy.*—*Pleading.*—*General Denial.*— *Evidence Admissible.*—In an action on an insurance policy, where it was unnecessary to make plaintiff's application a part of the complaint, and for plaintiffs to allege or prove, in the first instance, that the answers made in such application were true to entitle them to a recovery, evidence in support of a paragraph of answer interposing a defense that false answers in the application constituted a warranty upon which defendant relied, and that, when it learned that such answers were untrue the premiums paid were tendered to the assured, was inadmissible under an answer of general denial, since §361 Burns 1914, §356 R. S. 1881, provides that "all defenses, except the mere denial of the facts alleged by the plaintiff, shall be pleaded specially," the scope of the general denial being merely to put in issue such of the averments of the complaint as the plaintiff is bound to prove to maintain his action. p. 74.

5. INSURANCE.—*Application.*—*False Answer.*—*Validity of Policy.*— The mere falsity of an answer in an application for an insurance policy is insufficient to avoid the policy, it being necessary for the insurer to avoid the policy, by reason of such false answer, by tendering to the assured the premiums paid. p. 75.

6. PLEADING.— *General Denial.— Defenses Admissible.*— Defenses admissible under the general denial are those which deny that there ever was a cause of action. p. 76.

7. PLEADING.—*Answer.—Pleading Conclusions.—Rights of Plaintiff.—Statute.*—Under §343a Burns 1914, Acts 1913 p. 850, relating to the construction of allegations in pleadings, the pleading of conclusions in a paragraph of answer is permissible, and, if plaintiff desires the facts pleaded which are required to sustain the conclusions, he may obtain relief by the filing of a proper motion, as provided in such statute. p. 77.

8. INSURANCE.—*Representations.—Effect of False Statements.— Warranty.*—A mere representation, as distinguished from a warranty, in an application for insurance on the life of an animal, although false, will not necessarily avoid the policy in the absence of bad faith, unless it is substantial and material to the risk; but if statements are warranted to be true and the policy is issued upon the agreement that such statements are warranted, the warranty must be strictly satisfied. p. 77.

9. INSURANCE.—*Warranties.—Construction.*—While a warranty relating to an existing fact must be literally true, or the policy does not attach, that which is promissory in its nature is not so strictly construed. p. 77.

10. INSURANCE.— *Policy. — Construction. — Forfeiture.*— Insurance contracts are to be strictly construed against the company whenever a strict construction is necessary to prevent the forfeiture of the policy. p. 77.

11. INSURANCE.—*Warranties.—Construction.*—A warranty is created only by the most unequivocal language, and, where the words used will admit of two interpretations, that which is the most favorable to the assured will be adopted. p. 78.

12. INSURANCE.—*Action on Policy.—Application.—Warranties.*—In an action on a live stock insurance policy, it was error for the trial court to sustain demurrers to paragraphs of answer interposing as a defense alleged false answers in an application for insurance on a horse that the assured had not lost live stock by death, accident, disease or theft within two years and that the horse insured would be cared for by the assured, where such answers were made warranties by the terms of the application, since a breach of such warranties, as pleaded, constituted a defense to the action. p. 78.

From Johnson Circuit Court; *William E. Deupree,* Judge.

Action by Walter Owens and another against the National Live Stock Insurance Company. From a judgment for plaintiffs, the defendant appeals. *Reversed.*

*M. S. Meyberg, L. Ert Slack* and *Berne B. Cohen,* for appellant.

*Elba L. Branigin* and *Thomas Williams,* for appellees.

McNUTT, J.—This was an action in the court below by appellees against appellant on a live stock insurance policy, upon the life of a stallion. Appellant filed its answer in four paragraphs, the first being a general denial. Separate demurrers were filed to the other paragraphs, which were sustained as to the second and fourth paragraphs and overruled as to the third, to which appellees filed a reply in four paragraphs. There was a trial by a jury and a verdict for appellees. Appellant's motion for a new trial was overruled and this action of the court and its action in sustaining said demurrers are assigned as error in this court. The only questions presented by appellant's motion for a new trial requires an examination of the evidence. Appellees insist that this is not in the record, because the bill of exceptions containing the evidence was not filed in time.

1. The record discloses that appellant's motion for a new trial was overruled on May 28, 1914, and that it was given sixty days in which to file a bill of exceptions.
The record further shows that the bill of exceptions was not presented to the trial judge for settlement and signing until August 8, 1914, on which day it was signed and filed. Under the statute and the many decisions of this court, we must hold that the bill of exceptions containing the evidence is not a part of the record; and that no question is presented for our consideration under appellant's fourth assignment of error. §657 Burns 1914, Acts 1897 p. 244; *Hoffman* v. *Isler* (1911), 49 Ind. App. 284, 286, 97 N. E. 188, and cases cited; *Nichols* v. *Central Trust Co.* (1908), 43 Ind. App. 64, 66, 86 N. E. 878; *Ladoga Can. Co.* v. *Corydon Can. Co.* (1912), 52 Ind. App. 23, 98 N. E. 849, 851; *Fireman's Fund Ins. Co.* v. *Finkelstein* (1904), 164 Ind. 376, 73 N. E. 814; *Taylor* v. *Schradsky* (1912), 178 Ind. 217, 97 N. E. 790.

Appellees insist that appellant's first assignment of error, viz., that the court erred in sustaining the demurrers to the second and fourth paragraphs of answer, is waived by appellant's failure to consider said error in its brief, and that the second and third assignments of error are not available because there is not in the record any exception to the court's action in sustaining the separate demurrers to said paragraphs of answer. As will be observed, demurrers to the second and fourth paragraphs of answer were separate and several. The record on the ruling of the court, and the exception by appellant, reads as follows: "The court being fully advised in the premises now sustains the demurrer of the plaintiff to the second and fourth paragraphs of answer, heretofore filed, to which ruling of the court the defendant at the time objects and excepts. And the court being fully advised in the premises now overrules the demurrer of the plaintiff to the third paragraph of answer, to which ruling of the court the plaintiff at the time objects and excepts." This ruling of the court was on each of the separate and several demurrers to said paragraphs. The demurrers being separate and several, and the ruling of the court being on each of them, such ruling must be held, in our opinion, to be separate and several. If this is true, then appellant's exception must be held to be separate and several. *Whitesell* v. *Strickler* (1906), 167 Ind. 602, 78 N. E. 845, 119 Am. St. 524. The authorities cited by appellees are not in point. They hold that an assignment of error, which calls in question several rulings of the court, is joint and not several. Appellant has not only assigned as error the rulings jointly, but separately, and we hold that the sufficiency of each of said paragraphs is thereby presented. Appellees, as heretofore noted, insist that the evidence is not in the record, but they also insist that since evidence was introduced in support of the paragraphs of answer, to which demurrers were sustained, that the sustaining of said demurrers, if error, was harmless. We were required,

under the statute and authorities, to hold that the evidence was not in the record, and consequently, the evidence is not available for the purposes insisted upon by appellees. It is next insisted by appellees that even if the second and fourth parapraphs of answer, to which demurrers

4. were sustained, stated facts sufficient to constitute a defense to appellees' complaint, that evidence to support such facts. was admissible under the general denial. Section 361 Burns 1914, §356 R. S. 1881, provides: "All defenses, except the mere denial of the facts alleged by the plaintiff, shall be pleaded specially." It has been held repeatedly that the meaning of said section is that every fact which the plaintiff, in the first instance, is under the necessity of proving to sustain his action, or every matter of fact which must or may be alleged in a good complaint, is the proper subject of denial; but that all other matters, that is to say, matters which do not go merely to controvert a fact, or the facts in the complaint, must be set up affirmatively in the answer. 1 Woolen, Trial Procedure §2245, and cases cited. Again it has been held that the scope of the general denial under the code is merely to put in issue such of the averments of the complaint as the plaintiff is bound to prove in order to maintain his action. *Adams Express Co.* v. *Darnell* (1869), 31 Ind. 20, 99 Am. Dec. 582; *Baker* v. *Kistler* (1859), 13 Ind. 63. The above mentioned rule has been somewhat changed by statute in personal injury cases. §362 Burns 1914, Acts 1899 p. 58.

Appellant's second paragraph of answer, among other things, alleges that appellees, in their application, on which the policy sued upon was issued, and of which said application was made a part, made a false answer to a question, knowing that such answer was not a fact, and that the appellees warranted the answer to be true, and that appellant relied upon the answer as being true and relied upon said warranty, and was induced thereby to issue said policy; that

appellant would not have issued said policy had it known that said answer was false; that when it learned that said answer was not true, within a reasonable time, rejected appellees' claim and tendered to appellees the premium which they had paid for said policy. Which tender was rejected and that appellant brought the same into court for appellees' benefit. The question and answer are as follows: "Have you in the last two years lost any live stock by death, accident or disease or theft? Answer: No."

The application upon which the policy in suit was issued was not made a part of appellees' complaint, nor was it necessary to do so; nor was it necessary for the appellees to allege or prove, in the first instance, that the answers in such application were true to entitle them to recover upon the policy. So, under the well-established rules, the matter alleged in said second paragraph of answer was not admissible under the general denial, but was matter of defense requiring a special answer. In *Phenix Ins. Co.* v. *Pickel* (1889), 119 Ind. 155, 21 N. E. 546, 12 Am. St. 393, it is decided: "In an action upon a policy of insurance, the plaintiff need not aver the truth of statements contained in the application, nor the performance or non-performance of conditions subsequent, nor negative prohibited acts; but it is sufficient for him to show fulfilment of the conditions of recovery, and the burden is then upon the defendant to show a breach of warranties." See, also, *Penn Mutual, etc., Co.* v. *Wiler* (1885), 100 Ind. 92, 50 Am. Rep. 769; *Louisville Underwriters* v. *Durland* (1890), 123 Ind. 544, 24 N. E. 221, 7 L. R. A. 399; *Continental Life Ins. Co.* v. *Kessler* (1882), 84 Ind. 310.

The mere falsity of the answer in the application, even if the same could have been shown under the general denial, would have been insufficient to avoid the policy. But appellant was required to take steps to avoid the policy, by reason thereof, by tendering to appellees the premium which they had paid.

Appellees contend that defenses admissible under the gen-

eral denial are those which deny that there ever was a
6. cause of action.    This contention is consistent with the
rules above laid down.    The complaint in the case at
bar shows that a cause of action once existed, and would so
show even if the falsity of said answer had been admitted,
for such admission would not have rendered the policy abso-
lutely void, *ab initio,* but only voidable, at the election of the
appellant.    And in order to avoid the policy it was necessary
for appellant to tender back the premium.    In the case of *Mod-
ern Woodmen, etc.* v. *Vincent* (1907), 40 Ind. App.
711, 715, 80 N. E. 427, 82 N. E. 475, 14 Ann. Cas.
89, it is said: "It follows that an answer which
seeks to defeat an insurance policy because of a breach
of warranty, must not only set up the warranty and the
breach, but also an election by the insurer to avoid such
policy because of such breach, and this ought certainly to
be true where the warranty was in regard to a fact imma-
terial to the risk, the breach of which in no way added to
the liability or burden of the insurer, and because of which
it is improbable that any election to avoid would ever be
made."    See, also, *American Central Life Ins. Co.* v. *Rosen-
stein* (1910), 46 Ind. App. 537, 92 N. E. 380; *Metropolitan
Life Ins. Co.* v. *Johnson* (1911), 49 Ind. App. 233, 241, 94
N. E. 785, and cases cited.    It remains only to be seen whether
said paragraphs of answer state facts sufficient to constitute
a defense to the complaint.

The fourth paragraph of answer is similar to the second,
including the allegation of a tender of the premium and al-
leges that appellees answered a certain question contained in
the application and thereby made certain promissory warran-
ties which induced appellant to issue said insurance.    The
question and answer, referring to said stallion, are as fol-
lows: "Is he to be handled by yourself or a keeper?    An-
swer:    Myself."    Said paragraph further alleges that said
answer was not a fact but that said stallion was handled by
a keeper.    It is true, as contended by appellees, that both of

said paragraphs of answer plead conclusions, but under §343a Burns 1914, Acts 1913 p. 850, this is permissible. If appellees desired the facts pleaded required to sustain the conclusions, they would have been entitled to such relief upon proper motion, as provided in said section.

Some of the conditions of said policy are: "This company shall not be liable if any fact or circumstances relating to this risk has not been fully and correctly stated to this company by the assured, * * * or if any of the warranties contained in the application, upon which this policy is based, shall be found to be not a fact." The application set out in appellant's said paragraphs of answer, and alleged to have been a part of the policy, has these provisions: "It is understood that the applicant has answered all of the foregoing questions of his own knowledge, and warrants his answers to be facts, and that the policy to be issued hereon shall be based entirely upon the answers contained in this application, * * *. I warrant the above answers to each of the foregoing questions as they are written."

A mere representation, as distinguished from a warranty, in an application for insurance on the life of an animal, although false, will not necessarily avoid the policy in the absence of bad faith, unless it is substantial and material to the risk, but if statements are warranted to be true and the policy is issued upon the agreement that such statements are warranted, the warranty must be strictly satisfied. 25 Cyc 1519, and cases cited. "While a warranty relating to an existing fact must be literally true, or the policy does not attach, that which is promissory in its nature is not so strictly construed. In the later cases it has been held sufficient if substantially true or performed. *Phoenix Ins. Co.* v. *Benton* (1882), 87 Ind. 132, 136. "Insurance contracts belong to a class which are to be strictly construed against the company whenever a strict construction is necessary to prevent the

forfeiture of the policy.  *   *·  *   A warranty is created only by the most unequivocal language, and where the words used will admit of two interpretations, that which is most favorable to the assured will be adopted." *Iowa Life Ins. Co.* v. *Haughton*, 46 Ind. App. 467, 477, 87 N. E. 702. These legal propositions are well settled in this state. In many states legislation has made a different rule with reference to warranties in insurance policies, requiring breaches thereof to be material to the risk, in order to relieve the insurer. We do not hesitate to say that such a rule ought to be the law in this state, but this court cannot legislate. The application which is a part of the policy sued upon was evidently drawn with a view of making the answers to the questions warranties, and of guarding against the numerous decisions in this state to the effect that "where words are used that will admit of two interpretations, that which is most favorable to the insured will be adopted."

Appellees contend that because it is shown that "Owens & Patterson" signed the application and that the answer to one of the questions is "myself," and that appellant's answers refer to the appellees as "plaintiff," that there is such a failure to identify the appellees as to render the said paragraphs of answer bad. We cannot see that the use of these words affect the question of warranty, but they do affect the question of what construction should be put on the words in determining whether the warranties are true. While a partnership between Owens and Patterson is not averred, there can be but one inference drawn from the complaint and that is that they were partners in the ownership, care and management of the stallion. A strict construction against the company of the first question and answer above set out would require the appellant, in order to maintain its second paragraph of answer, to show that the partnership of Owens and Patterson had lost live stock by death, accident, disease or theft within two years prior to the time of the signing of

the application; while a strict construction of the last question and answer above set out would require the appellant, in order to maintain its fourth paragraph of answer, to show that neither Owens nor Patterson substantially performed the promise.

We are unable to find anything in the application, which contains the warranties, authorizing us in holding, under the well-established rules of construction, that the answer to either question set out in the second and fourth paragraphs of answer is a representation merely, requiring facts to be alleged showing that the falsity of such representations was material to the risk; and we are required to hold that the court erred in sustaining the demurrer to each of said paragraphs.

The cause is reversed, with instructions to overrule said demurrers, and to permit the parties to file such motions and pleadings as they may desire.

NOTE.—Reported in 113 N. E. 1024. Live stock insurance, validity and construction of policy, Ann. Cas. 1915A 614; 25 Cyc 1519; 44 L. R. A. (N. S.) 569. Distinction between a warranty and a representation in insurance, 4 Ann. Cas. 255. See under (10) 19 Cyc 656; 25 Cyc 821.