FRANKFORT MARINE, ACCIDENT AND PLATE GLASS
INSURANCE COMPANY *v.* LAFAYETTE
TELEPHONE COMPANY.

[No. 10,425. Filed June 16, 1920. Rehearing denied and opinion modified January 4, 1921. Transfer denied May 18, 1923.]

1. INSURANCE.—*Liability.*—*Action on Policy.*—*Complaint.*—*Sufficiency.*—*Averment of Notice of Claim to Insurer.*—In a telephone company's action on a public liability policy, complaint *held* sufficient as against demurrer presenting the question of notice of the accident required by the policy. p. 665.

2. APPEAL.—*Pleading.*—*Granting Leave to Amend after Close of Issues.*—*Discretion of Court.*—*Presumptions.*—The granting of leave to amend pleadings or to file additional pleadings after the issues are closed and on trial is within the discretion of the court, and, in the absence of a showing that there has been an abuse of discretion to the prejudice of the party objecting, it will be presumed that the court did not err. p. 666.

3. INSURANCE.—*Liability.—Action on Policy.—Answers to Special Interrogatories.— Evidence.— Sufficiency.*— In a telephone company's action on a public liability policy evidence *held* sufficient to sustain the answer of the jury to an interrogatory that the manager of plaintiff company, within less than six months after the accident involved, did not have notice thereof. p. 667.

4. INSURANCE.—*Liability.—Failure of Insurer to Defend Suit.— Liability to Insured for Expense of Appeal.*—Where a liability insurer had full opportunity to defend an action against insured for personal injuries, but refused to do so, in breach of its contract, it cannot question insured's conduct of the defense, in the absence of fraud, to prevent insured from recovering expenses in defending, including costs and expenses of appeal. p. 668.

5. APPEAL.—*Suspension of Judgment.*—A judgment is suspended during the pendency of an appeal. p. 668.

From Tippecanoe Superior Court; *Henry H. Vinton,* Judge.

Action by the Lafayette Telephone Company against the Frankfort Marine, Accident and Plate Glass Insurance Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Elmer E. Stevenson,* for appellant.

*Edgar D. Randolph, Charles A. Burnett* and *George P. Haywood,* for appellee.

NICHOLS, J.—Action by appellee against appellant on a policy of public liability insurance, issued by appellant to appellee to recover a loss sustained by appellee on account of a judgment obtained against it by one Cunningham for personal injuries. Said Cunningham received a personal injury on or about January 23, 1911, by falling over a guy wire belonging to appellee company. On January 18, 1913, he commenced suit against appellee and thereafter recovered judgment for $2,500 and costs. On appeal, the judgment was affirmed by the Appellate Court. No petition for a rehearing was filed, but appellee settled with said Cunningham for the face of the judgment without interest.

Frankfort, etc., Ins. Co. *v.* Lafayette Tel. Co.—79 Ind. App. 663.

It was provided in the policy that immediately upon the occurrence of an accident appellee should give appellant immediate written notice thereof; that appellee was also to give appellant immediate written notice of any claim which should be made on account of such accident; that immediate notice was construed to mean not later than fifteen days after the accident occurred in case of notices of accident, not later than five days after claim was made in the case of notices of claims; that in the event of suit appellee was to give appellant immediate written notice thereof, and that it should forward to appellant any summons or other process that might be served.

The complaint avers that appellant insurance company had knowledge of the accident within five days after it occurred, but failed to give appellee 1. (Telephone Co.) any information thereof, and that appellee had no knowledge thereof, or of any claim for damages, until served with summons, on January 18, 1913, and that on January 20, 1913, it gave appellant written notice of said accident, and of the bringing of the suit, and forwarded to appellant the summons served. At said time appellee also sent to appellant a copy of the complaint. These averments were sufficient to make the complaint good against appellant's demurrer which presented only the question of notice.

The cause was submitted to the jury on an answer in general denial, but during the progress of the trial, and when the greater part of the evidence had been given, appellant tendered an answer in estoppel, to the effect that on January 20, 1913, appellee, by its general manager, advised appellant by letter that about two months after the accident involved, said Cunningham informed said manager that he had fallen over an anchor of appellee company and hurt his knee; that appellant relied

upon said letter and believed it to be true, and thereupon notified appellee by letter that it denied liability because of the admitted failure of appellee, as expressed in its said letter, to give notice to appellant of the accident within fifteen days after receipt of such notice by appellee, and appellant then advised appellee that in denying liability, it relied upon appellee's said letter, and the provisions of the policy; that appellee at no time denied writing such letter until December 14, 1917, during the trial, when said manager denied the contents relating to his knowledge of the accident. That since said letter the trial and appeal between said Cunningham and appellee had occurred in which appellant did not participate, and that thereby appellant had been deprived of valuable rights and harmed. On appellee's objection, the court refused to permit appellant to file said answer in estoppel, of which ruling of the court the appellant complains.

The granting of leave to amend pleadings or to file additional pleadings after the issues are closed and on trial is within the sound legal discretion of the court, and, in the absence of a showing that there has been an abuse of discretion to the prejudice of the rights of the party objecting, it will be presumed that the court did not err. *Burr* v. *Mendenhall* (1875), 49 Ind. 496; *Board, etc.,* v. *Castetter* (1893), 7 Ind. App. 309, 33 N. E. 986, 34 N. E. 687; *McMakin* v. *Weston* (1878), 64 Ind. 270; *Shropshire* v. *Kennedy, Admr.* (1882), 84 Ind. 111.

The complaint averred that appellee had no knowledge of the accident until the time Cunningham's suit was begun. This was a denial of the statement in the letter sufficient to apprise appellant that it could not rely thereon, and if appellant desired to plead an estoppel to deny the statement it had ample time before the

trial.    There was no error in rejecting appellant's answer in estoppel.

Appellant contends that the verdict of the jury is not sustained by sufficient evidence, and that it is contrary to law, and it bases this contention upon the claim

3.    that appellee's manager knew of the accident about two months after the accident, and instead of notifying appellant within fifteen days as required by the policy, failed to do so until suit by Cunningham was commenced about a year and ten months thereafter. In his letter informing appellant of the suit, the manager stated that about two months after the accident, Cunningham asked him if appellee had any right under its franchise to construct anchors for their poles, stating that he had fallen over one and hurt his knee; that the manager informed Cunningham that appellee had the legal right to construct and maintain such anchors, and that that was the last he. ever heard of it, until the suit was brought.    The manager admitted writing the letter, and other letters, but testified that he had read the complaint, and confused its statements with Cunningham's statements, and that Cunningham did not tell him that he hurt his knee, and that the first knowledge he had of the injury was when Cunningham's suit was begun. Cunningham also testified that he did not tell the manager that he had hurt his knee, and Cunningham's attorney testified, without objection by appellant, that Cunningham said to him that he had not said a word to appellee about his injury.    The jury answered an interrogatory to the effect that the manager, within less than six months after the accident, did not have notice of such accident.    The foregoing testimony was some evidence to support the jury's answer, and, though the court might have answered otherwise, the jury's answer must stand.

Appellant's home office is in Germany, and it is a Ger-

man company.   Certain newspapers published accounts of the trial at the time, mentioning the fact that appellant was a German company.   At the time this country was at war with Germany, and appellant complains that the newspaper articles were prejudicial to it.   We have read the copy of the articles set out in the brief, and we fail to see that there was anything prejudicial in them. It is true that they mention the fact that appellant was a German company, but this fact was developed at the trial, so that the jury knew of it aside from the newspaper articles, even if they read the articles.

By the court's instruction No. 14, the court told the jury that if they found for appellee they should include in the damages awarded the costs and expenses 4, 5. incurred by appellee in the appeal to the Appellate Court of Indiana, from the Cunningham judgment.   Evidence had been heard, over the objection of appellant, as to the amount of this expense.   The court refused to give appellant's instruction No. 13 which would have told the jury that they could not award any damages on account of costs, or expenses incurred by appellee in the appeal from the Cunningham judgment.   Appellant contends that the ruling of the court in admitting the evidence of the expense of the appeal, and in giving said instruction No. 14, and in refusing to give instruction No. 13 were each error. We are not, however, favorably impressed with appellant's contention.   It had full opportunity to defend the Cunningham suit in its own way, but refused in any way to participate therein, thereby leaving appellee, in its extremity, without appellant's assistance, to defend. Having breached its contract, as we must hold, appellant cannot, after standing by with arms folded, challenge appellee's conduct of the defense, in the absence of fraud.   It is true that a final judgment was rendered, but it was suspended while on appeal appellee tested its

validity. *Randles* v. *Randles* (1879), 67 Ind. 434. When affirmed it was then collectible, together with accrued costs. It was appellant's right to stop the proceeding at any time before it was finally disposed of on appeal, and having failed to act until appellee had, in its discretion, exhausted every available defense, it must not now be heard to complain that appellee went too far, or that, when after affirmance, it seemed improbable that there was anything to be gained by a petition for rehearing, it settled, thereby saving more than $400 of accrued interest. Other questions are presented as to instructions, but they show no reversible error.

The judgment is affirmed.