HAWKE ET AL. *v.* MAUS.

[No. 20,363. Filed May 31, 1967. Rehearing denied July 5, 1967. Transfer denied October 31, 1967.]

*Daniel J. Gamble* and *Ellis & Gamble,* of Kokomo, for appellant.

*James A. Berkshire,* and *Keith & Berkshire,* of Peru, for appellee.

FAULCONER, J.—Appellee brought this civil action against appellants for damages to real estate resulting from a collision of appellant's (Associated Truck Lines, Inc.) truck with the trees of appellee, and based upon the alleged trespass of appellants to the realty of appellee.

Appellee alleged that he was the owner and in possession of certain real estate on the southwest corner of the intersection of State Highway 16 and United States Highway 31 in Miami County, Indiana, and that there were growing on said real estate three Maple trees; that a 1963 tractor truck being driven by defendant-appellant's agent, Gerald S. Hawke, "wrongfully came upon the Plaintiff's [appellee's] said real estate and collided with Plaintiff's said maple trees, completely destroying one maple tree and breaking limbs from the other two, tore up the grass and soil and otherwise injured and damaged said real estate." Appellee alleged damages and demanded judgment in the sum of $1,000.

Appellants' demurrer for want of sufficient facts was overruled, after which appellants filed their answer in general denial. Trial was to the court without a jury, and judgment entered for appellee.

Appellants' motion for new trial specified that the decision of the court is not sustained by sufficient evidence and is contrary to law; and that the court erred in sustaining ob-

jections to certain questions propounded by appellants, and in overruling defendants-appellants' motion for finding at the close of plaintiff-appellee's evidence and in overruling defendants-appellants' motion for leave to amend their answer by filing a second paragraph.

The overruling of appellants' motion for new trial is the sole error assigned on appeal.

The question to which objections were made and sustained would have elicited testimony to the effect that appellant-Associated's truck, while proceeding south on United States Highway 31 through the intersection with State Road 16, was struck by an automobile proceeding west on State Road 16, which automobile had run a red light, knocking the left front wheel loose and breaking the axle of appellant's truck, thus causing appellant-Hawke to lose control of the truck whereby it entered upon appellee's real estate. Such questions would have further elicited testimony that appellant-Hawke had no control over said truck after the impact, that he had no intention of entering appellee's real estate, nor was such entry his voluntary act.

No issue is here presented concerning ownership, agency or amount of damage since all were stipulated at the trial.

"The most important of the trespass rules to survive was that which imposed liability for invasions of property which were neither intended nor negligent. *The defendant was not liable so long as he had done no voluntary act, as where he was carried onto the plaintiff's land by others against his will.*" (Emphasis supplied.) Prosser, *Torts*, § 13, p. 63 (3d Ed. 1964).

"So long as the invasion was due to any kind of volitional act on the part of the actor, there was a wrong, and if the damage was direct, trespass was the appropriate action. *If, however, there was no act of volition by the actor, he was not liable, as where one is cast on another's land by third persons.*" (Emphasis supplied.) 1 Harper & James, *The Law of Torts* (1956), § 1.3, p. 10.

"The early English common law seems to have imposed liability upon one whose act directly brought about an invasion of land in the possession of another, irrespective of whether the invasion was intended, was the result of reckless or negligent conduct, or occurred in the course of an abnormally dangerous activity, or was a pure accident, and irrespective of whether harm of any sort resulted to any interest of the possessor. All that seems to have been required was that the actor should have done an act which in fact caused the entry. At the present time, however, except in the case of one carrying on an abnormally dangerous activity, an unintentional and non-negligent entry or remaining on land in the possession of another or causing a third person or thing so to enter or remain is not a trespass on land and imposes no liability upon him." 1 Restatement, Second, *Torts*, § 166, Comment (b), p. 304 (1965).

It is true that in an action of trespass the intention of the defendant in making the entry or intrusion is immaterial. This proposition is strongly urged by appellee who cites two Indiana cases as authority. There are many decisions in Indiana setting forth this cardinal principle of trespass. However, a careful reading of these decisions will disclose that in each the entry was based upon a voluntary act of the defendant. This distinction is best described by the scholars.

"In order to be liable for a trespass on land under the rule stated in § 158, it is necessary only that the actor intentionally be upon any part of the land in question. It is not necessary that he intend to invade the possessor's interest in the exclusive possession of his land and, therefore, that he know his entry to be an intrusion." 1 Restatement, Second, *Torts*, § 164, Comment (a), p. 296 (1965).
"The intention which is required to make the actor liable under the rule stated in this Section is an intention to enter upon the particular piece of land in question, irrespective of whether the actor knows or should know that he is not entitled to enter." 1 Restatement, Second, Torts, § 163, Comment (b), p. 294 (1965) ; 1 Restatement, Second *Torts*, § 158, p. 277 (1965).
"Although it is not necessary that the trespasser intend to commit a trespass or even that he know that his act will

constitute a trespass, it is required for trespass that there be an intentional act and an intent to do the very act which results in the trespass." 87 C. J. S., *Trespass*, § 5, p. 960; *Edgarton* v. *H. P. Welch Co.* (1947), 321 Mass. 603, 74 N. E. 2d 674, 679-680, 174 A. L. R. 462; *Wood* v. *United Air Lines, Inc.* (1961), 223 N. Y. S. 2d 692, 694, 32 Misc. 2d 955; *Phillips* v. *Sun Oil Co.* (1954), 307 N. Y. 328, 121 N. E. 2d 249, 250, 251; *Socony-Vacuum Oil Co.* v. *Bailey* (1952), 109 N. Y. S. 2d 799, 801, 202 Misc. 364; *United Electric Light Co.* v. *Deliso Constr. Co.* (1943), 315 Mass. 313, 52 N. E. 2d 553, 556.

"[T]he driver of an automobile who suddenly loses control of his car because he is seized with a heart attack, a stroke, a fainting spell, . . . is not liable unless he knew that he was likely to become ill . . . , in which case he is to be found negligent in driving the car at all. The same conclusions are reached when the defendant's car is struck by another vehicle and thrown out of control, . . ." Prosser, *Torts*, § 29, pp. 143-44 (3d Ed. 1964).

The question we are called upon to decide in this cause is whether the evidence in the record before us is admissible under the general denial and, if not, whether the trial court was in error in refusing to allow appellants to file their written second paragraph of answer at the close of plaintiff's (appellee's) case.

Rule 1-3, Rules of the Supreme Court of Indiana, 1964 Revision, provides, in pertinent part, that a "party answering or replying to a pleading shall state, without enlargement or elaboration, that he (1) admits, (2) denies, or (3) is without information. . . . New matter shall be confined to an affirmative paragraph . . . and shall not be commingled with the statement that the pleader admits, denies or is without information. . . . *All defenses shall be provable under a specific denial or statement of no information, which were heretofore available under an answer or reply in general denial.*" (Emphasis supplied.)

Evidence of license or justification is admissible only by special answer. *Chase* v. *Long, et al.* (1873), 44 Ind. 427,

428; *Johnson* v. *Cuddington and Others* (1871), 35 Ind. 43. 1 Lowe's Revision, *Works' Ind. Pract.*, § 15.64, p. 626.

"Defenses admissible under the general denial are those which deny that there ever was a cause of action. Those which admit that it once existed, but seek to avoid it by showing subsequent or other matter, must be specially pleaded. . . .

"The defendant, under the general denial, is not confined to mere negative proof in denial of the facts stated in the complaint, but he may give evidence of independent facts inconsistent therewith which tend to meet and break down the cause of action stated in the complaint. If, however, these facts are such as admit a cause of action once existing, and avoid it, then they must be specially set up." *Crum et al.* v. *Yundt* (1895), 12 Ind. App. 308, 311, 40 N. E. 79. See also: *Interstate Public Service Co.* v. *Weiss, Admr.* (1935), 208 Ind. 122, 127, 193 N. E. 226; *Jeffersonville Water Supply Company* v. *Riter, et al.* (1897), 146 Ind. 521, 526, 45 N. E. 697; *National Live Stock Ins. Co.* v. *Owens* (1916), 63 Ind. App. 70, 74, 113 N. E. 1024. 23 I. L. E., *Pleading*, § 58, p. 294.

"[E]very fact which the plaintiff, in the first instance, is under the necessity of proving to sustain his action, or every matter of fact which must or may be alleged in a good complaint, is the proper subject of denial; but that all other matters, that is to say, matters which do not go merely to controvert a fact, or the facts in the complaint, must be set up affirmatively in the answer." *National Live Stock Ins. Co.* v. *Owens, supra* (1916), 63 Ind. App. 70, at page 74, 113 N. E. 1024.

In an action of trespass *quare clausum fregit,* it is necessary for the plaintiff to prove only that he was in possession of the land and that the defendant entered thereon without right, such proof entitling the plaintiff to nominal damages without proof of injury, and upon additional proof of injury to products of the soil, the plaintiff is entitled to compensatory damages. *Indiana Pipe Line Co.* v. *Christensen* (1919), 188 Ind. 400, 407, 123 N. E. 789.

Appellants argue that since their excluded evidence would show that appellant-Hawke entered appellee's property

through no fault on his part and that he had no intent to so enter and did no voluntary act which would cause or result in such entry, such evidence, going to defeat the cause of action, was admissible under the general denial. Appellee contends such evidence goes only to proof of a justification and, therefore, must be pleaded by special answer. We can see the merit of these contentions. Without specifically deciding the issue as to the admissibility of such evidence under the general denial, we are of the opinion that justice in this cause woud be better served by allowing appellants to file their second paragraph of answer.

Whether or not appellants' evidence which they would introduce under the second paragraph of answer would have been sufficient to defeat appellee's cause of action is, of course, not for us to determine, but justice, in our opinion, requires their opportunity to do so. It was brought out at oral argument that appellants did not become aware of the court's attitude concerning admissibility of such evidence under the general denial until the close of appellee's case and the denial of appellants' motion for a directed verdict. Therefore, in our opinion the facts and circumstances of this case warrant a reversal for failure to allow appellants to file their second paragraph of answer.

The trial judge has great discretion in granting or denying amendments to pleadings after the issues are closed and such action will be reversed only upon a clear showing of an abuse of this discretion. *Oppenheimer et al.* v. *Craft* (1961), 132 Ind. App. 452, 459, 175 N. E. 2d 715, (Transfer denied) ; *Frankfort, etc. Ins. Co.* v. *Lafayette Tel. Co.* (1923), 79 Ind. App. 663, 666, 129 N. E. 329, (Transfer denied). 2 I. L. E., *Appeals,* § 553, pp. 466-67; 2 Lowe's Revision, *Works' Ind. Pract.,* § 21.2, p. 76.

Appellee argues on appeal that although appellants' tendered second paragraph of answer was in writing their motion to amend was oral, thus violating Rule 1-2A, Rules

of the Supreme Court of Indiana. It is true that Rule 1-2A, *supra,* requires such motions to be in writing, however, in the case of *Wolf, etc. et al.* v. *Lang Tr., Inc.* (1965), 136 Ind. App. 571, at page 574, 203 N. E. 2d 308, 309, 310, 4 Ind. Dec. 394, 397, Judge Hunter, speaking for this court, stated:

> "The appellants cannot predicate any error on the ground that the motion was oral. . . . Appellants' objection at said time was not premised on appellee's failure to comply with Supreme Court Rule 1-2A, *supra.* . . . To present a question for review upon the ground that some procedure in the trial court is objectionable, appellant must make timely objection at the trial court level."

> The basic rule that a party, on appeal, is confined to the specific objection made in the trial court is well-settled in Indiana. *Tompkins* v. *Smith* (1952), 122 Ind. App. 502, 518, 106 N. E. 2d 487.

The record discloses no such objection made by appellee in the trial court.

Also, appellee's evidence discloses testimony of the involvement of "another car"; an "accident" at an intersection; that appellant-Hawke was on U. S. Highway 31, "a preferential highway"; that 27 feet of skid marks were created by the truck "in an attempt . . . to avoid a collision"; and that the front axle of the truck was seen on appellee's property, detached from the truck. All of this evidence was admitted without objection, most of it on cross-examination of plaintiff-appellee's witnesses. It was all introduced prior to the excluded evidence tendered by defendants-appellants, assigned as separate error and discussed above. Appellant-Hawke testified that he was "involved in an automobile collision"; and that he "did not intend to steer his truck upon the property of Mr. Maus, the plaintiff [appellee]."

In our opinion appellants could reasonably believe during the presentation of plaintiff-appellee's case that all evidence

of the previous accident would be admissible under the general denial upon which theory they were proceeding.

Considering that these facts are before us for the first time, both concerning the validity of the cause of action as well as the manner of proof, and further considering the confused state one finds the decisions applying the general rules of pleading in Indiana, we are of the opinion that appellants should have been allowed to file such answer, and that such refusal by the trial court was, under the facts and circumstances of this cause, an abuse of discretion.

In *Watson* v. *Adams* (1904), 32 Ind. App. 281, at page 286, 69 N. E. 696, this court said:

> "The proposition that a license can not be given in evidence under the general denial is so firmly settled as to need no citation of authority to sustain it. *Boltz* v. *Smith*, 3 Ind. App. 43; *Chase* v. *Long*, 44 Ind. 427; *Snowden* v. *Wilas*, 19 Ind. 10, 81 Am. Dec. 370. In the case at bar evidence of the transaction and the license had been introduced by both parties to the action, without objection. As held in numerous cases, the filing of additional pleadings is largely within the discretion of the trial court; but when the justice of the case clearly requires that leave should be granted, it is error to refuse. *Chicago, etc. R. Co.* v. *Jones*, 103 Ind. 386, [6 N. E. 8]; *Fargo* v. *Cutshaw*, 12 Ind. App. 392, [39 N. E. 532]. The additional paragraph of answer could not have prejudiced the rights of appellee. But if it had been to the disadvantage of appellee, the court would doubtless, upon proper application, have set aside the submission, and continued the cause at appellant's costs."

In *Inter-State Motor Freight System* v. *Morgan* (1943), 46 N. E. 2d 707, at page 710, this court stated:

> "[I]t is apparent to us, and it must have been equally apparent to the trial court, that a refusal to permit the appellant to file additional pleadings would deprive him of a defense he claimed to have and the entire subject matter of the action, as it then existed, would not be brought fully before the court. . . .
>
> "Notwithstanding the general rule that the filing of additional pleadings is very much within the discretion of the trial court, the exercise of such discretion may be reviewed

and will be disapproved when it appears that substantial injustice has resulted therefrom."

The opinion from which the above quotation is taken was later recalled and a new opinion affirming the judgment of the trial court was filed on the ground that the bill of exception was not properly made a part of the record. (See: *Inter-State Motor Freight System* v. *Morgan* (1943), 113 Ind. App. 374, 47 N. E. 2d 326.) However, the above quoted part of the original opinion expresses our opinion in the cause presently before us.

Cause reversed with instructions to grant appellants' motion for new trial.

Carson, P. J., Cooper and Prime, JJ. concur.

NOTE.—Reported in 226 N. E. 2d 713.