Terry GARNER, Appellant–Plaintiff,

v.

Eric KOVALAK, Appellee–Defendant.

No. 71A03–0403–CV–131.

Court of Appeals of Indiana.

Nov. 12, 2004.

Brooks J. Grainger, The Law Firm of Krisor & Associates, South Bend, IN, Attorney for Appellant.

## OPINION

MAY, Judge.

Terry Garner appeals the small claims court's judgment in favor of Eric Kovalak. Garner raises one issue, which we restate as whether the court erred when it determined Kovalak was not liable to Garner for the damage Kovalak caused to Garner's trees when Kovalak swerved into Garner's yard to avoid a car crash. We affirm.

## FACTS AND PROCEDURAL HISTORY

Garner and his wife, Elizabeth, own a property in St. Joseph County that measures just over four acres. Along the north and east sides of the property, next to the roadway, are trees that measure twenty to twenty-five feet tall. At about noon on September 29, 2003, Kovalak was driving on the road adjacent to the Garners' property when a brown Cadillac driven by an unidentified driver swerved over the centerline and into Kovalak's lane. To avoid the Cadillac, Kovalak drove onto the Garners' property. Kovalak avoided the Cadillac, but he knocked down two of the

Garners' trees. Garner obtained an estimate that removal and replacement of the damaged trees would cost $1,500.00.

On November 25, 2003, Garner filed a small claims action against Kovalak for the damaged trees. After a bench trial, the court entered judgment for Kovalak in an order that stated simply: "After due consideration, the Court finds that judgment should be and is entered in favor of [Kovalak] and against [Garner]." (App. at 17.)

## DISCUSSION AND DECISION

 As an initial matter, we note Kovalak did not file an appellee's brief. When an appellee fails to file a brief, we may reverse the trial court's decision if the appellant demonstrates a prima facie case of reversible error. *Wright v. Wright,* 782 N.E.2d 363, 366 (Ind.Ct.App.2002). Prima facie means "at first sight, on first appearance, or on the face of it." *Thurman v. Thurman,* 777 N.E.2d 41, 42 (Ind.Ct.App. 2002). This rule relieves us of the burden of controverting appellant's arguments for reversal, which is a burden that properly rests with the appellee. *Wright,* 782 N.E.2d at 366. It does not, however, relieve us of "our obligation to decide the law as applied to the facts in the record in order to determine whether reversal is required." *Vukovich v. Coleman,* 789 N.E.2d 520, 525 n. 4 (Ind.Ct.App.2003).

Because the rules of small claims court make trials therein informal, "with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law," Ind. Small Claims Rule 8(a), we review the court's procedural and evidentiary decisions with deference. *Lae v. Householder,* 789 N.E.2d 481, 483 (Ind. 2003). However, we review *de novo* a small claims court's decisions regarding

substantive law. *Id.* Judgments of small claims courts are "subject to review as prescribed by relevant Indiana rules and statutes." *Id.* (quoting S.C.R. 11(A)).

 Garner claims the court should have found Kovalak responsible for the damage to his trees under the theory of trespass *quare clausum fregit.*[1] Under that theory:

> [I]t is necessary for the plaintiff to prove only that he was in possession of the land and that the defendant entered thereon without right, such proof entitling the plaintiff to nominal damages without proof of injury, and upon additional proof of injury to products of the soil, the plaintiff is entitled to compensatory damages.

*Hawke v. Maus,* 141 Ind.App. 126, 131, 226 N.E.2d 713, 717 (1967).

Garner testified that he and his wife own the land on which Kovalak drove and the trees Kovalak damaged. Garner also testified he did not give Kovalak permission to enter his property on the day of the accident, and he presented an estimate indicating the damage was $1,500.00. Kovalak acknowledged his vehicle hit two of Garner's trees. Based on that testimony it appears uncontested that Garner possessed the land, Kovalak entered without right, and $1500 worth of damage was caused to Garner's "products of the soil." *Id.* Accordingly, Garner demonstrated all the elements required for recovery under the theory of trespass *quare clausum fregit.*

 However, a trespasser cannot be held liable unless a voluntary act caused his entry onto the plaintiff's property. As we explained in *Hawke:*

---

1. *"Quare clausum fregit"* is Latin for "why he broke the close." Black's Law Dictionary 1509 (7th ed.1999).

In order to be liable for a trespass on land ..., it is necessary only that the actor intentionally be upon any part of the land in question. It is not necessary that he intend to invade the possessor's interest in the exclusive possession of his land and, therefore, that he know his entry to be an intrusion. The intention which is required to make the actor liable under the rule stated in this Section is an intention to enter upon the particular piece of land in question, irrespective of whether the actor knows or should know that he is not entitled to enter.

Although it is not necessary that the trespasser intend to commit a trespass or even that he know that his act will constitute a trespass, it is required for trespass that there be an intentional act and an intent to do the very act which results in the trespass.

The driver of an automobile who suddenly loses control of his car because he is seized with a heart attack, a stroke, a fainting spell, is not liable unless he knew that he was likely to become ill, in which case he is to be found negligent in driving the car at all. The same conclusions are reached when the defendant's car is struck by another vehicle and thrown out of control.

*Id.* at 129–30, 226 N.E.2d at 715–16 (internal citations and quotations omitted).

Thus, the question before us is whether Kovalak's act, swerving his vehicle onto Garner's property to miss an on-coming car that had crossed the centerline and entered Kovalak's lane, was "intentional" or "unintentional." Kovalak testified he used both hands to turn his truck right to avoid the Cadillac and he left the road such that the closest his truck came to the Cadillac was "15 to 25 feet." (App. at 14.) Garner cites that testimony as proof Kova-

lak intentionally drove onto Garner's property. We disagree.

Kovalak's testimony indicated he was driving on the highway at fifty-five miles per hour when an on-coming car crossed over his lane into the grass on his side of the road and then back into his lane. He claimed he swerved to prevent a head-on collision. The police report indicates the officer "photographed the tire marks left by the unidentified vehicle." (Defendant's Exhibit A at 4.) Kovalak's insurer found he was not responsible for the accident because an unidentified driver ran him off the road. Given those facts, we cannot say the trial court erred in implicitly finding the act of another caused Kovalak to leave the road and enter the Garners' property, and that Kovalak's act was therefore unintentional. *See, e.g., State v. Magnuson,* 488 N.E.2d 743, 750 (Ind.Ct.App.1986) (The record contained evidence from which the trier of fact could determine the driver had no time for deliberation, and therefore an instruction on sudden emergency was not unwarranted.), *reh'g denied, trans. denied.*

Nor can we say as a matter of law that Kovalak's decision to steer his truck to the right to avoid a head-on collision was an "intentional" act. An intentional act is one "resulting for the actor's will directed to that end." Black's Law Dictionary 25 (7th ed.1999). "An act is intentional when foreseen and desired by the doer, and this foresight and desire resulted in the act through the operation of the will." *Id.* An act done intentionally is also done voluntarily. *Id.* at 1569. An act is voluntary if it is "not constrained, impelled or influenced by another." Webster's 3rd New International Dictionary Unabridged 2564 (G. & C. Merriam Co.1976). As a trier of fact could reasonably find Kovalak's action was impelled by the brown Cadillac, we

decline to hold as a matter of law his act was intentional.

Affirmed.

SHARPNACK, J., and BAILEY, J., concur.