LAURA E. MATTHEWS,

*vs.*

WILLIAM R. TUBBS, HARRY V. TUBBS and JAMES B. DICKERSON.

*Sussex, April* 13, 1928.

*Howard J. Cooke* and *Franklin Upsher*, of Snow Hill, Md., for complainant.

*James M. Tunnell*, for defendant.

THE CHANCELLOR. The question in this case is whether the defendants have a right to enter upon the complainant's land for the purpose of cutting and removing timber. The defendants rely upon an instrument under seal executed by the complainant's

grantor prior to the acquisition of title by the complainant, by the terms of which the complainant's grantor acknowledged to have received from the defendants five hundred dollars in payment for the timber therein described which the agreement stated he had that day sold to the defendants. The agreement specified that the timber should be cut and removed not later than January 1, 1929, and it also gave to the defendants the right to erect a mill and lumber yard as well as the right of ingress and egress to the timber. The agreement was dated November 4, 1922. Though sealed, it was never recorded.

The complainant purchased the farm on which the timber is located on May 1, 1925. She claims that when she made her purchase she had no notice of the agreement of sale made by her grantor with the defendants. The defendants insist that she had such knowledge.

The complainant makes the point that the contract held by the defendants conveys nothing in the way of an interest in the timber, that at most it grants a mere license which is revocable, and that the deed to her executed by the licensor constituted a revocation of the license. While there is some authority in support of the complainant's contention in this regard, yet the weight of authority appears to be decidedly to the contrary. 38 *C. J.* 153, 186.

"A deed which conveys a right to cut and remove timber on land for a specified period on a sufficient consideration vests in the grantee an irrevocable right to do the acts contemplated." 38 *C. J.* 162, citing *Bolland v. O'Neal*, 81 *Minn.* 15, 83 *N. W.* 471, 83 *Am. St. Rep.* 366; *Bennett v. Interstate Cooperage Co.*, 89 *W. Va.* 286, 109 *S. E.* 748; *Cunningham v. Heltzel*, 87 *W. Va.* 391, 105 *S. E.* 155.

If the defendants have only a license, as the complainant contends, yet if their license be coupled with an interest or a valuable consideration was paid therefor, it cannot be revoked according to the authority of *Davis v. Miller-Brent Lumber Co.*, 151 *Ala.* 580, 44 *So.* 639, and *Young v. Waggoner*, 50 *Ind. App.* 202, 98 *N. E.* 145. The view that all the defendants obtained for their money was a license to cut timber revocable at the pleasure of the grantor cannot be accepted.

But, the complainant contends, even if the grant of timber

rights to the defendants was of an irrevocable interest, yet she was a purchaser for value without notice of the prior deed by which the rights were granted, and if she was, then the injunction should issue as prayed; if she was not, the bill should be dismissed.

This brings us to the real question in the case, viz., did the complainant have notice?

The question thus presented is one of fact. From things said and questions put to witnesses at the hearing, I gather that the parties to this cause have had litigation in Maryland involving a dispute connected in some way with the controversy here agitated. What the precise issue of fact was in the Maryland litigation and what was its outcome, both the pleadings and evidence in this cause fail to show. Whether the judgment or decree in the Maryland court was such, therefore, as would constitute an adjudication of the point at issue in this court, it is impossible to say. I make this observation in order that, if the outcome here should be inconsistent in character with that which resulted in Maryland, it may be understood that it cannot be due to a refusal on the part of this court to accord full effect to the conclusiveness of the judgments and decrees of a sister state's tribunals acting within the field of their jurisdiction.

I am confined to the pleadings here and to the evidence produced in support thereof by the respective parties for my guidance in deciding the issue here presented. The question, as stated, is one of fact. In determining it, the evidence must be weighed and as its preponderance lies, there the decree should go. It will serve no useful purpose to discuss the evidence in detail for the purpose of showing why I think the weight of it lies where it does. I listened to the testimony carefully when given and have since reviewed it in my mind. My conclusion is that the weight of the evidence when tested by the usual rules lies with the defendants.

A decree therefore will be entered declaring the complainant to have purchased with notice and dismissing the bill with costs.